FRED WEIR'S CASE.

Suffolk.    March 10, 1925. — April 23, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

</div>

*Workmen's Compensation Act,* Incapacity, Amount of compensation,
Finding by Industrial Accident Board.  *Evidence,* Presumptions and
burden of proof.  *Fraud.*

A finding and decision by a single member of the Industrial Accident
Board, from which no claim of review was filed, that a claimant for
compensation for injuries to a shoulder resulting in restricted use had
had offered to him occupation which was within his ability to perform
and which would advance his recovery, was not a final determination
that all incapacity had ceased and that the employee was fully com-
petent to do the work offered; and if, four months later, another mem-
ber of the board finds that the claimant tried in good faith to perform
the work offered and was unable to do so and that his failure to continue
with the work was due to incapacity caused by his injury, a decree
ordering compensation as for partial incapacity is warranted.
The mere fact that a claimant for workmen's compensation testifies falsely
on a material issue before a single member of the Industrial Accident
Board does not as a matter of law require that all of his testimony
be rejected as false.
The amount which an employee seeking workmen's compensation is able
to recover as average weekly wages previously earned by him, is a
question of fact, and a finding by a single member of the Industrial
Accident Board, on evidence warranting it, affirmed and adopted by
the board on a claim for review and made the basis of a decree of the
Superior Court, will not be disturbed on an appeal from that decree.

CERTIFICATION to the Superior Court under the provisions
of the workmen's compensation act of a decision by the

Industrial Accident Board, affirming and adopting findings and a decision by a single member of the board awarding compensation to the claimant, who was injured while in the employ of Bethlehem Shipbuilding Corporation.

In the Superior Court, the case was heard by *Morton*, J. Material facts shown by the record are described in the opinion. By order of the judge, a decree was entered in accordance with the decision of the Industrial Accident Board. The insurer appealed.

*E. Field*, for the insurer.

*H. T. Patten*, for the employee.

CARROLL, J. The employee was injured while working for the Bethlehem Shipbuilding Corporation, June 16, 1921. He was paid compensation to August 28, 1923. At the hearing before the single member of the Industrial Accident Board, on December 11, 1923, it was found that as a result of the injury to the employee's shoulder he had some restriction in its use. It was further found that the occupation offered him was within his ability to perform and would advance his recovery. No claim of review was filed. In April, 1924, another member of the board found that the employee attempted to do the work offered him and referred to in the report of the hearing of December 11, 1923; that he made this attempt in February, 1924, and for two weeks tried to perform the work in good faith; that his failure to continue with the work was due to incapacity caused by his injury.

We do not consider the finding of the single member at the hearing of December 11, 1923, a final determination that all incapacity had ceased and that the employee was fully competent to do the work offered. It was stated in the report that this work would improve and advance his recovery. This is not a final decision that the employee had fully recovered, and the member's opinion that he was able to do the work offered him was not conclusive. *Brode's Case*, 251 Mass. 414, therefore, is not applicable. In this aspect of the case it is governed by *Hunnewell's Case*, 220 Mass. 351, 353.

There was no adjudication that all incapacity had ceased. This being so, and assuming that, if the employee refused to

continue beneficial work within his ability to perform, he could not recover under the act, it still remained a question of fact to determine whether he had the ability to perform this work. The member found that the attempt to do this work was made in good faith; that the employee could not go on with it solely because of his incapacity. In view of these findings, the insurer cannot successfully contend that the employee was able to continue at the occupation offered him.

At the second hearing the employee testified falsely on a material issue. The single member so found. The member, however, was not required because of this false testimony to reject all of his evidence. She could find that some of his evidence was true, notwithstanding it was false in part. There is no absolute rule of law requiring the rejection of all the testimony of a witness, because wilfully false on a material point. *Commonwealth* v. *Wood*, 11 Gray, 85, 93. *Commonwealth* v. *Billings*, 97 Mass. 405. This rule applies to proceedings before the Industrial Accident Board.

It was found that the employee had, from May 12, 1924, an earning capacity of $15 a week. We cannot say that there was error of law in this finding. The average weekly wage which the employee is able to earn was a question of fact and we cannot disturb the finding. *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1, 7, 8.

*Decree affirmed.*