## MARINUS HANSON'S CASE.

Suffolk.   May 23, 1928.— June 29, 1928.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Workmen's Compensation Act,* Decision by single member, Renewal of compensation, Review by Industrial Accident Board.

A finding by a single member of the Industrial Accident Board, who, after a discontinuance of compensation, heard a claim by an employee for renewed compensation, for disability due to "poison by paint, industrial dermatitis," that he was not satisfied that the employee's condition had changed since compensation was discontinued, and "[I] therefore make no present award of compensation," could not rightly be construed to be a final determination that all incapacity had ceased; the finding showed that the board member merely decided to leave the case open for further consideration; and, although there was no express reservation of further rights of the claimant in such finding, and no review thereof was claimed, it was not error for the Industrial Accident Board, in review, to adopt a finding made by the single member, after a second hearing about six months later on the question of the employee's incapacity, that the employee was still suffering from the effects of his original injury, and to award renewed compensation, where it appeared that such finding was warranted by the medical evidence given before the single member.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding renewed compensation, after a discontinuance of compensation, for disability due to "poison by paint, industrial dermatitis."

The case was heard by *Bishop,* J., by whose order a decree was entered in accordance with the decision of the board.

The insurer appealed. Material facts are stated in the opinion.

The case was submitted on briefs.

*G. F. Garrity & J. W. Blakeney, Jr.*, for the insurer.

*S. B. Horovitz & V. W. Marr*, for the claimant.

PIERCE, J. This is a case arising under the workmen's compensation act and comes before this court on the insurer's appeal from a final decree of the Superior Court dated March 13, 1928, enforcing the findings and decision of the Industrial Accident Board filed February 18, 1928, which decision affirmed and adopted the findings and decision of the single member filed December 22, 1927. The employee, a painter by occupation, was injured on August 2, 1924, "by paint, industrial dermatitis (benzine paint)." A claim for compensation was filed with the Industrial Accident Board on December 29, 1924. An agreement for compensation was entered into and the employee was paid compensation at the rate of $16 a week until May 9, 1925. On the last named date he was awarded a weekly partial compensation until July 15, 1926, at which time compensation was discontinued by a board member. On May 2, 1927, the same board member gave a hearing on the question of the claimant's incapacity, and on July 15, 1927, filed with the Industrial Accident Board his decision in the terms which follow: "I am not satisfied, upon all the evidence, that the employee's condition has changed since the time of the last hearing before me, and therefore make no present award of compensation."

Before the same board member on November 7, 1927, a further hearing was had on the question of the disability of the employee since July 15, 1927. On December 22, 1927, the member filed with the Industrial Accident Board the following decision: "On all the evidence, I find and rule that the employee is still suffering from the effects of his original injury arising out of and in the course of his employment. From the medical testimony of Dr. Abraham Myerson, Dr. A. F. Christian and the impartial physician, Dr. Isador H. Coriat, it is clear that the employee is suffering from lead encephalitis and mental deterioration directly due to the

original injury and causing the employee to be totally disabled and I so find." On January 12, 1928, the Industrial Accident Board on the insurer's claim for review heard the parties, and on February 18, 1928, filed its decision affirming the decision of the board member.

In support of its appeal the insurer contends that the claimant had no right to a further hearing on the question of his incapacity after the decision of the board member filed July 15, 1927, *supra*, because that decision in terms makes no reservation of further rights of the claimant, because no review was claimed, and because no rights were reserved by implication from the language used.

We do not agree with the insurer that the decision of the board member rightly construed is a final determination that all incapacity had ceased, or that the employee was fully competent to do his old work or earn his old wages on July 15, 1926, when the member discontinued the compensation that had been awarded on May 9, 1925. On the contrary we think the board member intended as the result of the May, 1927, hearing to decide merely that, on the evidence of incapacity, he would make no present award of compensation, but that he would leave the case open for further consideration and award if an incapacity should later become manifest to him. We are of opinion the case is governed by *Weir's Case*, 252 Mass. 236, and *Hunnewell's Case*, 220 Mass. 351; and that on the facts it is distinguishable from *Brode's Case*, 251 Mass. 414, and *McCarthy's Case*, 253 Mass. 553. We think, without more particular attention to it, that the testimony of the physicians named above in the decision of the board member amply support his finding "that the employee is still suffering from the effects of his original injury arising out of and in the course of his employment."

*Decree affirmed.*