GUS PAGLIERANIS'S CASE.

Suffolk.    January 10, 1930. — February 10, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act*, Reëxamination of employee.

In proceedings under the workmen's compensation act, there were hearings by the Industrial Accident Board in December, 1922, October, 1924, and April, 1929, and it was found at the last hearing, held pursuant to a request by the employee in October, 1928, that he, having lost an eye while at work in July, 1922, was paid general compensation for a month and specific compensation and thereafter worked steadily until January, 1925; and that between then and April, 1929, he lost a certain number of weeks' work because of his injury. Between October, 1924, and October, 1928, the employee gave no notice of impaired capacity. It did not appear that the insurer or the insured ever requested an examination of the employee under G. L. c. 152, § 45. The board awarded compensation from January, 1925, to

April, 1929.    In the Superior Court, a decree was entered in accordance with the decision by the board, providing also that after April, 1929, "the rights of the parties are reserved under section 12 and the general provisions of the act." *Held*, that

(1)  A contention by the insurer, that the employee could not recover compensation because of his failure for four years to give notice of impaired capacity, could not be sustained under said § 45: that section was inapplicable, neither the insurer nor the insured having requested an examination;

(2)  Although the delay of four years may have prevented the insurer from preparing its defence, its contention could not be sustained, there being nothing in the act requiring the employee to apply within any particular time for compensation for a recurring disability;

(3)  The decree was proper.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation to the employee, who was injured while in the employ of the Simplex Wire and Cable Company.

The Board found that the employee worked steadily until January 22, 1925.   Other material facts found are stated in the opinion.   In the Superior Court, a decree was entered by order of *Lummus*, J., in accordance with the decision of the board.   The insurer appealed.

*E. J. Sullivan*, for the insurer.

*M. F. Weston*, (*W. F. Levis* with him,) for the claimant.

CARROLL, J.   The employee, in this proceeding under the workmen's compensation act, received general compensation and specific compensation for loss of an eye.   He was injured June 13, 1922.   The general compensation was paid to July 18, 1922.   Thereafter there were different hearings before a board member on December 13, 1922, on October 1, 1924, and on April 9, 1929.   At the hearing on December 13, 1922, it was found that, resulting from the injury, there was a potential incapacity for labor, but it was not shown that the employee's earnings since July 18, 1922, have been reduced because of his injury.   At the hearing on October 1, 1924, it was found that erysipelas from which the employee was suffering was not caused by his injury.   At the hearing on April 9, 1929, it was found that from January 22, 1925, to April 9, 1929, the employee had "lost ninety-five

weeks, and during this period worked one hundred and twenty-four weeks"; that he cannot work on swinging stagings which he is obliged to do in the course of his employment; that he applied for work but could not obtain it because owing to his injury he was unable to do the work required. In the Superior Court a decree was entered directing the insurer to pay compensation to April 9, 1929, "after which time the rights of the parties are reserved under section 12 and the general provisions of the act." This decree was entered on August 22, 1929. The insurer appealed.

The insurer contends that, because the employee at no time after the hearing on October 1, 1924, gave notice of his impaired capacity to labor at his trade of cement finishing until July 2, 1928, when he called at the insurer's office, or October 10, 1928, when he requested a hearing, he cannot recover. It relies on G. L. c. 152, § 45, which provides for an examination of an injured employee "from time to time" after his injury. "If he [the employee] refuses to submit to the examination or in any way obstructs it," his right to compensation shall be suspended and may be forfeited. The examination is to be held if requested by the insurer or the insured. This section of the statute is not applicable here: no examination was requested by either the insured or the insurer, and there is no evidence that the employee refused or obstructed an examination. The section relied on applies only where an examination is asked for and refused, or the examination is obstructed; and it cannot be relied on because an employee makes no demand and merely allows the time from October 1, 1924, to July 2, 1928, to pass without application for compensation for lessened capacity to labor.

No question is raised that the claim for compensation for the original injury was not seasonably filed. In fact it appeared that an agreement of compensation for general and specific compensation was approved by the Industrial Accident Board on July 20, 1922. There is force in the argument of the insurer that by this delay of four years from October, 1924, to July, 1928, or from January 22, 1925, from which time compensation was ordered to be paid, it has been prevented from preparing its defence. But there is nothing

in the statute that we can find, or that has been brought to our attention, which requires an employee to make application for compensation caused by recurring disability within any specified time. If it is thought wise in the interest of fairness to all parties that this application for recurring incapacity should be made within a reasonable time, or within a designated time after the incapacity appears, the change must be made by the Legislature.

*Decree affirmed.*