## CARROLL SHERSHUN'S CASE.

Suffolk.     December 11, 1933. — May 25, 1934.

Present: RUGG, C.J., FIELD, DONAHUE, & LUMMUS, JJ.

*Workmen's Compensation Act,* Discontinuance of compensation, Review by board, Jurisdiction of Superior Court.

Upon an application by the insurer in proceedings under the workmen's compensation act, a single member of the Industrial Accident Board after a hearing found that disability had ceased and authorized the insurer to discontinue compensation, but the Industrial Accident Board, on review in April, found that there was partial incapacity, and payments based thereon were ordered made as of a date beginning at the time of discontinuance of payments based on total disability. In July following, a single member, on representations made by letter by the insurer, ordered discontinuance of compensation and the employee was notified. Without seeking a review by the board of such order, the employee sought from the Superior Court the entry of a decree based on the decision of April on the theory that the discontinuance, having been granted *ex parte* and not after a hearing, was a nullity. In the Superior Court, a decree was entered awarding compensation only to the date of the July discontinuance, "with the right reserved to the parties to have the question of incapacity beyond that date determined by another hearing." *Held,* that

(1) The order of July was not a nullity;

(2) The order of July was not final;

(3) The question, whether the employee was entitled to compensation after July, was not properly before the Superior Court, the action of the single member not having been reviewed by the board;

(4) The decree of the Superior Court was affirmed.

While there is no specific provision to that effect, the whole scheme of the workmen's compensation act imports that alleged errors of a single member of the Industrial Accident Board must be reviewed first by the board, and that in the main resort can be had to the Superior Court only after a decision has been rendered by the board.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the

Industrial Accident Board made in circumstances described in the opinion.

In the Superior Court, a decree, described in the opinion, was entered by order of *Greenhalge*, J. The employee appealed.

*S. B. Horovitz*, (*B. A. Petkun* with him,) for the claimant.

*R. E. Kempton*, for the insurer.

RUGG, C.J. This is a case under the workmen's compensation act. The employee received an injury arising out of and in the course of his employment on May 6, 1932. He was paid compensation based on total disability until February, 1933, when there was a hearing on the application of the insurer to discontinue compensation on the ground that incapacity had ceased. The single member found that disability had ceased and authorized the insurer to discontinue compensation. The Industrial Accident Board, on a review held at the request of the employee, found by decision filed on April 1, 1933, that there was partial incapacity and payments based thereon were ordered made beginning at the time of discontinuance of payments based on total disability. There is printed in the record a letter under date of July 1, 1933, from the insurer directed to the Industrial Accident Board, setting forth certain facts and requesting the board to grant a discontinuance of further compensation. On this letter appears under date of July 6, 1933, "Discontinuance approved . . . J. A. P." See *Volpe* v. *Sensatini*, 249 Mass. 132, 134. Under date of July 6, 1933, notice was sent to the employee and to the insurer that the Industrial Accident Board approved the discontinuance of compensation payments based "On the record" and that the right was reserved to the parties to have the matter determined by hearing. It was conceded at the argument at the bar of this court that this notice was issued under the sanction of the secretary of the board, although the copy printed in the record does not bear his signature. The employee thereupon sought from the Superior Court the entry of a decree based on the decision of the board of April 1, 1933, on the theory that the discontinuance of July 6, 1933, having been granted by an *ex*

*parte* suspension of payments previously ordered to be paid and not after a hearing, was a nullity. In the Superior Court a decree was entered to the effect that the employee was entitled to compensation on the basis of partial incapacity up to July 6, 1933, the date of discontinuance, "with the right reserved to the parties to have the question of incapacity beyond July 6, 1933, determined by another hearing." The appeal of the employee brings the case here.

The case appears to have been heard in the Superior Court and has been argued before us on the footing that the order of discontinuance of July 6, 1933, was made by a single member and not by the Industrial Accident Board. It will be treated in that respect as it has been argued.

There can be no doubt of the jurisdiction of the reviewing board or of a single member to modify previous orders not final in their nature concerning compensation as changes occur in the condition of the injured employee. G. L. (Ter. Ed.) c. 152, § 12. *Kareske's Case*, 250 Mass. 220, 224. Likewise, compensation when once begun to be paid may be discontinued with the approval of the Industrial Accident Board or a member thereof. G. L. (Ter. Ed.) c. 152, § 29. No time is fixed for making such change. It may be done after even a brief interval. The order of July 6, 1933, was in no sense final. It was highly interlocutory in nature. It was a preliminary order. It was manifestly designed to be followed by a hearing, where the merits could be investigated and determined. Whether it was right or not was a matter to be determined by further proceedings under the act. In any event, it cannot be ignored by any party to it. If the employee did not want further hearing on the merits he should have sought review of the order of July 6, 1933, before the Industrial Accident Board. The Industrial Accident Board and its members in the administration of the workmen's compensation act constitute not a court but only an administrative tribunal. *Levangie's Case*, 228 Mass. 213. There must be scrupulous care to do justice in conformity to the terms of the statute. But procedure is to be "as simple and summary as reason-

ably may be." G. L. (Ter. Ed.) c. 152, § 5. An informal and preliminary order such as is here assailed on its face is not final, is entitled to some respect as the act of an administrative board, and is subject to immediate review under the statute. Acts partaking much more of the judicial function than the order here attacked do not need to be preceded by a formal hearing. *Palmer* v. *Clark*, 106 Mass. 373, 389. *Hanley* v. *Aetna Life Ins. Co.* 215 Mass. 425, 428–429. *Clark* v. *New England Telephone & Telegraph Co.* 229 Mass. 1, 10. Whether that principle applies to such an order need not be determined. The frame of the workmen's compensation act is that errors of fact or of law committed by the single member, except in cases under his final jurisdiction, are to be considered and corrected by the board on review. G. L. (Ter. Ed.) c. 152, §§ 7, 8, 8A, 10, 12. Jurisdiction of the Superior Court is to be invoked in general only for correction of errors alleged to have been committed by the Industrial Accident Board in rendering decisions more or less permanent in character. While there is no specific provision to that effect, the whole scheme of the act imports that alleged errors of a single member must be reviewed first by the board, and that in the main resort can be had to the court only after a decision has been rendered by the board. The question here sought to be presented is one of procedure preliminary to the ascertainment of the real issue whether there ought to be a change in the amount to be paid to the employee. The ruling of the trial judge was at least sufficiently favorable to the employee to the effect that, since right of hearing was expressly preserved to him, the precise procedure was within the discretion of the board. There was no ground for attempting to forestall the ultimate decision of the board by endeavoring to force the Superior Court to decide upon prefatory matter not ripe for its ultimate action.

*Decree affirmed.*