ARTHUR RICCI'S CASE.

Middlesex.     March 3, 1936. — March 7, 1936.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Workmen's Compensation Act,* Findings by Industrial Accident Board.

In proceedings under the workmen's compensation act, a finding by the reviewing board, upon the evidence taken before the single member, that pneumonia and tuberculosis of the employee were not causally related to a previous injury, was a final decision of fact superseding a contrary finding by the single member and could not be reviewed by the court except to determine whether it was supported by evidence and was without error in law.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board dismissing a claim for compensation.

A decree was entered in the Superior Court by order of *Morton,* J., in accordance with the decision of the board. The employee appealed.

*M. E. Nash,* for the claimant.

*H. R. Bygrave,* for the insurer town of Concord.

RUGG, C.J.   This is a claim for compensation by an employee of the town of Concord in its municipal lighting plant.  It was conceded that the town was both "the employer and the insurer."  See G. L. (Ter. Ed.) c. 152, §§ 69–74.  The employee received an injury arising out of and in the course of his employment on November 13, 1933.  Pneumonia and an active condition of tuberculosis followed the injury.  The main question in controversy has been whether these or either of them was caused or aggravated by the injury.  The finding of the single member on this point was in favor of the employee.  The full board on review found on all the evidence that the condition from which the employee suffered after November 13, 1933, was not causally related to the injury arising out of and in the course of his

employment on that date, and dismissed the claim for compensation. A final decree was entered in the Superior Court dismissing the claim.

Whether the subsequent condition of the employee arose as a result of the injury was a pure question of fact. The finding to be made on that point depended upon the credibility of witnesses and the weight of evidence given chiefly by medical witnesses. *Jameson's Case*, 254 Mass. 371. The finding of the reviewing board entirely superseded that of the single member which thereafter became of no importance. *Di Giovanni's Case*, 255 Mass. 241. *Minns's Case*, 286 Mass. 459, 462. *McGowan's Case*, 288 Mass. 441, 443. *Di Clavio's Case*, 293 Mass. 259, 261. The decision of the reviewing board must be accepted as final if there is any evidence to support it. *Kareske's Case*, 250 Mass. 220. *Weir's Case*, 252 Mass. 236. Even where the evidence is all reported the finding cannot be reviewed. The record is to be examined merely to determine whether the ultimate finding is without support in the evidence or tainted by error of law. The reference in *O'Connor's Case*, 244 Mass. 445, to the finding of the single member was pertinent merely because it was adopted by the reviewing board and because thus adopted was binding. The burden of proof was on the employee to establish his right to compensation. The decision of the reviewing board shows that that burden was not sustained. It cannot be held that on the evidence in the case at bar the finding of the board was not warranted. *Topjian* v. *Boston Casing Co. Inc.* 288 Mass. 167. It is unnecessary to set forth the evidence. It is enough to say that the finding was within the province of the reviewing board, was permissible on all the evidence, and was not contrary to law.

*Decree affirmed.*