## FRED MOZETSKI'S CASE.

Suffolk. November 8, 12, 1937. — February 2, 1938.

Present: FIELD, DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Workmen's Compensation Act*, Reviewing board, Petition for rehearing.

A reviewing board alone has jurisdiction to determine whether an employee's petition for a rehearing as to continued incapacity under the workmen's compensation act "is without merit and frivolous" within the provisions of G. L. (Ter. Ed.) c. 152, § 12, as amended by St. 1932, c. 117, § 1.

No determination by a reviewing board that a petition, supported by statements of two physicians annexed thereto, for a rehearing as to continued incapacity of an employee "is without merit and frivolous" within the provisions of G. L. (Ter. Ed.) c. 152, § 12, as amended by St. 1932, c. 117, § 1, could properly be made without hearing evidence; a decision shown by the record to have been made "after hearing counsel" argue was remanded to the Industrial Accident Board for a proper hearing.

CERTIFICATION to the Superior Court in proceedings under the workmen's compensation act.

Annexed to the petition for a rehearing, stated in the

opinion to have been filed on November 19, 1936, were statements by two physicians of the results of their examination of the employee and of their opinion that he was still disabled as a result of his original injury.

The last two paragraphs of a document, filed on May 21, 1937, and entitled "Decision of Industrial Accident Board," read as follows: "The employee filed petition for rehearing as provided in G. L. c. 152, § 12, as amended, submitting affidavit with such petition. The Industrial Accident Board denied such petition subject to the right of the petitioner to argue thereon before the board upon request, such argument is the subject of this proceeding.

"The board, after hearing counsel for the parties, deny the petition as being frivolous and without merit."

In the Superior Court, a final decree was entered by order of *Greenhalge*, J., reciting "that the employee has not been disabled subsequent to October 16, 1934, as a result of his injury sustained on December 18, 1933, and his claim for compensation subsequent to October 16, 1934, is dismissed." The employee appealed.

*S. B. Horovitz*, (*J. Bear* with him,) for the claimant.

*H. S. Mitchell*, for the insurer, submitted a brief.

LUMMUS, J. The employee sustained injuries on December 18, 1933. He was paid compensation until February 8, 1934, when the request of the insurer to discontinue compensation was approved by a member of the Industrial Accident Board. Thereafter a further hearing was had before a member of the board, who on May 15, 1934, dismissed the claim of the employee for compensation for a period subsequent to February 8, 1934, on the ground that his disability ceased on that date. On review, a reviewing board found partial incapacity after that date, ending at the date of its decision, October 16, 1934. On November 19, 1936, the employee filed a petition for rehearing, asserting that instead of being free from disability after October 16, 1934, he grew worse. The "Industrial Accident Board," with three members present, filed a decision signed by two of them, denying the petition "as being frivolous and without merit." The Superior Court entered a decree dismiss-

ing the claim for compensation subsequent to October 16, 1934, and the employee appealed to this court. It appears that the employee asked the Superior Court to decide that the board erred in finding his petition frivolous and without merit, and to recommit the case to the board for hearing on the merits.

Under the workmen's compensation act, questions of the right to compensation and the amount of compensation are assigned to a single member for hearing. G. L. (Ter. Ed.) c. 152, § 7. After the decision of the member has been filed, "together with a statement of the evidence, his findings of fact, rulings of law, and other matters pertinent to questions arising before him," either party may within seven days file a claim for review. § 8. The reviewing board must consist of not less than three members, and is appointed by the chairman of the Industrial Accident Board. G. L. (Ter. Ed.) c. 24, § 3. The reviewing board commonly determines the facts and makes its decision and order as to compensation upon the evidence reported to it by the single member, although in its discretion it may hear evidence (G. L. [Ter. Ed.] c. 152, § 10); and its decision in matters of fact is final. *Fountaine's Case*, 246 Mass. 513. *Savage's Case*, 257 Mass. 30. *Lopes's Case*, 277 Mass. 581, 585. *Minns's Case*, 286 Mass. 459, 462. *Schenck's Case*, 293 Mass. 526, 530. *Ricci's Case*, 294 Mass. 67. *Lazarz's Case*, 293 Mass. 538, 540.

After compensation has been awarded, "There can be no doubt of the jurisdiction of the reviewing board or of a single member to modify previous orders not final in their nature concerning compensation as changes occur in the condition of the injured employee. G. L. (Ter. Ed.) c. 152, § 12. *Kareske's Case*, 250 Mass. 220, 224. Likewise, compensation when once begun to be paid may be discontinued with the approval of the Industrial Accident Board or a member thereof. G. L. (Ter. Ed.) c. 152, § 29. No time is fixed for making such change. It may be done after even a brief interval," and *ex parte. Shershun's Case*, 286 Mass. 379, 381. *MacKinnon's Case*, 286 Mass. 37. *Korobchuk's Case*, 280 Mass. 412, 416, 417. *Paglieranis's Case*,

270 Mass. 368. A proceeding to modify the order or to discontinue compensation does not reopen the questions determined in making the original order, but opens the subsequent continuance and extent of disability. *Kareske's Case*, 250 Mass. 220. *Panagotopulos's Case*, 276 Mass. 600, 604, 605. *Perkins's Case*, 278 Mass. 294, 301. *MacKinnon's Case*, 286 Mass. 37, 38.

Though an insurer may seek revision of the order or discontinuance of compensation indefinitely, a definite decision of the reviewing board, or of a single member unreviewed, that the employee had fully recovered and that compensation cease, formerly amounted to an adjudication that the employee had no further right, and the proceedings could not be revived. *Brode's Case*, 251 Mass. 414. *Casieri's Case*, 286 Mass. 50. *Ziccardi's Case*, 287 Mass. 588. Compare *Hanson's Case*, 264 Mass. 300. But St. 1929, c. 246 added to the statute what is now the second paragraph of G. L. (Ter. Ed.) c. 152, § 12. It read: "When in any case before the board there appears of record a finding that the employee is entitled to compensation, no subsequent finding by the board or by a member thereof discontinuing compensation on the ground that the employee's incapacity has ceased shall be considered final as a matter of fact or res judicata as a matter of law, and such employee or his dependents, in the event of his death, may have further hearings as to whether his incapacity or death is or was the result of the injuries for which he received compensation; provided, that if the board shall determine that the petition for such a rehearing is without merit and frivolous, the employee or his dependents shall not thereafter be entitled to file any subsequent petition therefor except for cause shown and in the discretion of the member to whom such subsequent petition may be referred . . . ." The present form of the section appears in St. 1932, c. 117, § 1.

The employee contends that the "board" that denied his petition "as being frivolous and without merit" must have been the department of industrial accidents, consisting of the Industrial Accident Board of seven members (G. L. [Ter. Ed.] c. 24, §§ 1, 2) to which is entrusted the residue of

power in workmen's compensation not specifically given to a single member or a reviewing board. G. L. (Ter. Ed.) c. 152, § 16. *Golden's Case,* 240 Mass. 178. He contends that action by the department must be attested by the signatures of at least four members, and that a decision by two members out of three present, is invalid on its face. We need not consider the correctness of that contention. *Merrill* v. *Lowell,* 236 Mass. 463, 467. *Berninger's Case,* 253 Mass. 52. Although the record indicates that the three members purported to sit as the "Industrial Accident Board," jurisdiction was in a single member or a reviewing board, and not in the Industrial Accident Board nor in the department of industrial accidents. It is not true that a reviewing board can act only on a review of a decision made by a single member. G. L. (Ter. Ed.) c. 152, § 12, providing that "Questions as to a weekly payment may be heard and decided by the reviewing board or any member of the department" and that if "heard and decided by a member, his decision may be reviewed" by a reviewing board, grants original jurisdiction of such questions equally to a member and a reviewing board. *Shershun's Case,* 286 Mass. 379, 381.

The "board" that may determine "that the petition for such a rehearing is without merit and frivolous" is a reviewing board. Such a determination naturally will be made only after evidence has been taken upon a petition for a rehearing on the question of continued incapacity, when the matter is before the reviewing board in the exercise of either its original or its appellate jurisdiction. *Joos's Case,* 267 Mass. 322. No such determination could be made without hearing evidence, at least unless the petition on its face should be plainly without merit and frivolous. The petition in the present case, supported as it was by the statements of two physicians, could not be so pronounced.

No proper decision of the present proceeding was made by a reviewing board before the case came to the Superior Court. The decree of that court is reversed, and the case is remanded to the Industrial Accident Board for further proceedings in accordance with this opinion.

*Ordered accordingly.*