## JAMES F. BRODERICK'S CASE.

Essex.    April 3, 1946. — July 12, 1946.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & SPALDING, JJ.

*Workmen's Compensation Act*, Jurisdiction of Superior Court, Certification, Election of remedy, Decree. *Election.*

A mere ruling of law made in a workmen's compensation case by a single member of the Industrial Accident Board upon agreed facts and adopted by the reviewing board, that the employee had not barred himself from seeking compensation by electing to proceed at law against a third person, without facts appearing which would determine the right to compensation if the employee was not so barred, and without any order or decision by the single member or by the reviewing board allowing or disallowing compensation, was not a proper subject of certification to the Superior Court, and such a certification gave that court no jurisdiction of the case.

An employee of an insured under the workmen's compensation act elected under G. L. (Ter. Ed.) c. 152, § 15, to "proceed . . . at law" against a third person for personal injuries sustained through the third person's conduct and was not entitled to seek compensation under the act for such injuries where he brought an action at law against the third person within the period of limitation therefor and, after the expiration of that period, filed a claim for compensation and later, with notice to the insurer, discontinued the action.

A decree dismissing a claim under the workmen's compensation act, entered in the Superior Court upon a purported certification which in the circumstances gave that court no jurisdiction of the case, was reversed and that court was directed to enter an order striking the purported certification from its files.

PURPORTED CERTIFICATION to the Superior Court under the workmen's compensation act.

A decree was entered by order of *Forte*, J.

*L. A. Terrazzano*, for the claimant.

*I. W. Sargent*, for the insurer.

QUA, J.    By agreement of the parties the only question considered in the Industrial Accident Board was "whether the employee . . . [had] exercised his option to proceed at law against a person other than the insured." The board, in substance, found and ruled that he had not, and

that he could still pursue his remedy for compensation under the workmen's compensation law. Thereupon certified copies of the papers were filed in the Superior Court, and the court purported to enter a decree that the employee's claim be dismissed. He appeals.

We are constrained to hold that the Superior Court never acquired jurisdiction of this case. The powers of that court in workmen's compensation cases are defined by G. L. (Ter. Ed.) c. 152, § 11, as amended. Under that section only "an order or decision of the reviewing board, a decision of a member from which no claim for review has been filed . . .," or "a memorandum of agreement" in regard to compensation (see § 6) approved by the department can be certified to the Superior Court, and the court "shall thereupon render a decree in accordance therewith . . .." In this case the "findings" and rulings of the single member were adopted by the reviewing board, but neither the single member nor the board upon review made any order or decision. Compensation was neither allowed nor denied. No finding even was made as to whether the employee's injury arose out of and in the course of his employment. What happened was that the board made a ruling upon a single issue upon facts agreed by the parties. If that ruling was right other facts must be found before any order or decision could be made. If the ruling was wrong the facts agreed would be fatal to the employee's compensation claim, but there was still no "order or decision" which could be certified to the court or upon which the court could "render a decree."

The Industrial Accident Board is an administrative board and is not part of the judicial system of the Commonwealth. *Levangie's Case,* 228 Mass. 213, 216-217. *Perkins's Case,* 278 Mass. 294, 299. *Shershun's Case,* 286 Mass. 379, 381. Section 16 of the act provides that "Questions arising under this chapter, if not settled by agreement by the parties interested therein, shall, except as otherwise provided in this chapter, be determined by the department. The decisions of the department shall for all purposes be enforceable under section eleven." Except pos-

sibly for extraordinary remedies such as mandamus or certiorari in appropriate instances, if there can be any such instances, the court has nothing to do with the board until an order, decision, or agreement either dismissing the claim or capable of immediate enforcement by the court has been certified. Judicial action cannot begin until administrative action has ended in such an order, decision or agreement. In cases involving the relations of courts to administrative boards it is important that the boundaries between judicial and administrative functions be carefully observed. The relationship between the Industrial Accident Board and the court as prescribed by the statute does not permit of piecemeal certifications to the court of findings or rulings upon particular issues in a case. See *Shershun's Case,* 286 Mass. 379, 382. Even within the judicial system itself appeals cannot be taken from particular findings or rulings but can be taken only from orders, judgments, decrees, or decisions of the case. *Scullin* v. *Cities Service Oil Co.* 304 Mass. 75, 84. G. L. (Ter. Ed.) c. 214, §§ 19, 26; c. 215, § 9; c. 231, §§ 96, 97, 109; c. 185, § 15. See *Weil* v. *Boston Elevated Railway,* 216 Mass. 545, 546; *Vincent* v. *Plecker,* 319 Mass. 560, 563.

Although for the reasons just stated the decree of the Superior Court purporting to dismiss the employee's claim must be reversed as having been entered without jurisdiction (*Donnelly* v. *Montague,* 305 Mass. 14, 18–19), yet the facts agreed by the parties before the board are such as to demonstrate that the employee cannot ultimately succeed in his claim for compensation, and as the issue has been fully argued, there seems to be no objection in this instance to adding a statement as to why this is so instead of waiting for the case to come here again after more expense has been incurred. We do not intend, however, to establish a precedent in that respect.

These facts are agreed. On April 16, 1943, a motor bus driven by the employee was in collision with a motor vehicle operated by one Nicosia. On April 6, 1944, the employee brought an action at law against Nicosia for personal injuries received by him in that accident. On August

29, 1944, the employee filed with the board a claim for compensation with respect to the same injuries. On March 6, 1945, the employee notified the insurer that the action at law would be discontinued on March 14. However, the motion to discontinue was not filed until March 22. We assume that the action was discontinued on that day. The insurer has paid no compensation to the employee.

It was provided by G. L. (Ter. Ed.) c. 152, § 15, both before and after the amendment of that section by St. 1943, c. 432, that "Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages or against the insurer for compensation under this chapter, but, except as hereinafter provided, not against both." Then follows a provision that if compensation is paid under this chapter the insurer may enforce in the name of the employee or in its own name the liability of such other person. At the end of the section is found this sentence, "An employee shall not be held to have exercised his option under this section to proceed at law if, at any time prior to trial of an action at law brought by him against such other person, he shall after notice to the insurer discontinue such action, provided that upon payment of compensation following such discontinuance the insurer shall not have lost its right to enforce the liability of such other person as hereinbefore provided."

It will be observed that any right of anyone to bring any new action at law against Nicosia in respect of the bodily injury of the employee expired by April 16, 1944, by reason of the one year limitation applicable to such actions, before the employee finally elected to take compensation. G. L. (Ter. Ed.) c. 260, § 4. See *Reidy* v. *Old Colony Gas Co.* 315 Mass. 631, 632–633. The question is whether, in the circumstances, the insurer, upon payment of compensation following the discontinuance by the employee of his action against Nicosia, will have lost its right to enforce Nicosia's liability in accordance with § 15. We think that the insurer

will have lost its right for the simple reason that no action can now be brought to enforce that right, and that the employee is therefore barred of compensation by the proviso contained in the last sentence of § 15.

The employee argues that his final election to take compensation was equivalent to an assignment to the insurer of his cause of action at law (*Miller* v. *Richards*, 305 Mass. 424, 426, and cases cited); that the insurer could have insisted upon taking over the pending action for its own benefit, even though it had not yet actually paid compensation, holding the action in abeyance until compensation should be paid (see *Furlong* v. *Cronan*, 305 Mass. 464); that the insurer had time to take over the action after the notice to it on March 6 that the action would be discontinued and before the actual discontinuance on or after March 22; and therefore that any loss of rights by the insurer was due solely to its own inactivity and not to any conduct of the employee.

We note in passing the fact that § 15 contains no express exception applicable to cases where the insurer's loss of rights is due to its own delay in securing them before paying compensation rather than to conduct of the employee. Apart from this, in our opinion an insuperable difficulty with the employee's argument is that if the insurer had done what the employee says it should have done the action would not have been discontinued at all, and under the wording of the last sentence of § 15 it is only by discontinuing the pending action that the employee can avoid the effect of having brought it in the first place as a binding election to pursue his remedy at law instead of seeking compensation. The last sentence was added to § 15 by St. 1929, c. 326, § 1. Before it was added an employee's election by merely bringing an action at law had been held to be final and irrevocable. *Tocci's Case*, 269 Mass. 221. The amendment granted relief to the employee only to the extent and under the conditions stated in the new sentence. We cannot rewrite that sentence. We do not know that the Legislature would have desired to hold the action open for the benefit of the compensation insurer after the period of

limitation had expired in order to enable the employee at that late day to change his mind and seek compensation instead of damages. The Legislature, as its language seems to indicate, may have preferred to have the employee's action entirely wiped out as a condition of allowing him to shift his position and not to impose upon the compensation insurer the burden of taking any steps until after the action should be wholly discontinued, when, the matter of compensation coming to the front, the possibility of the insurer being called upon to pay would depend upon whether it had then for any reason lost its right to enforce the liability of the third person wrongdoer.

The case of *Fidelity & Casualty Co.* v. *Huse & Carleton, Inc.* 254 Mass. 359, cited by the employee, is not in point. That case was decided before the passing of St. 1929, c. 326. Moreover, in that case the action at law was originally brought by the insurer and not by the employee (see head-note and pages 360–361) and no question of election by the employee or of relief from election was involved.

This opinion, in so far as it deals with the merits of the employee's claim, is the opinion of a majority of the court.

The decree of the Superior Court is reversed, and that court is directed to enter an order striking from its files the certified copies of papers from the Industrial Accident Board.

*So ordered.*