JOHN D'ENTREMONT's CASE. June 6, 1955. Decree affirmed. This case comes here upon an appeal from a decree of the Superior Court dismissing an employee's claim for additional compensation under G. L. (Ter. Ed.) c. 152 as amended. The employee was injured on April 17, 1952, by reason of an accident which arose out of and in the course of his employment. He was paid total disability and dependency compensation until July 6, 1952. After hearing upon conflicting medical evidence, the single member found that "there has been no disability as a result of the employee's injury of April 17, 1952, since July, 1952, when he returned to work and worked until April 23, 1953, at which time his employment was terminated . . . . His claim for [further] compensation, therefore, is dismissed." The reviewing board affirmed and adopted the findings and decision of the single member and, as we have indicated, the decree of the Superior Court is in accord with the findings and decision of the reviewing board. There was no error. The decision of the reviewing board as to the disability of the employee was a "pure question of fact. The finding to be made on that point depended upon . . . the weight of evidence given chiefly by medical witnesses. . . . The decision of the reviewing board must be accepted as final if there is any evidence to support it." *Ricci's Case*, 294 Mass. 67, 68. This principle of law has been repeated so often that it has become axiomatic and there is no need to cite other cases to support it. In the case at bar there was ample medical

testimony to support the conclusion of the reviewing board. Because not argued in his brief we do not consider the claim of the employee for specific compensation because of disfigurement (c. 152, § 36 [h]).

The case was submitted on briefs.

*David Flower*, for the claimant.

*Thomas A. L'Esperance, Jr.*, for the insurer.