FRANCISCO C. ASSUNCAO'S CASE.

Suffolk.    January 4, 1977. — February 16, 1977.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, WILKINS, & LIACOS, JJ.

*Workmen's Compensation Act,* Jurisdiction of Superior Court, Exhaustion of administrative remedies. *Practice, Civil,* Review of interlocutory action.

A judgment issued in enforcement of an order of a single member of the Industrial Accident Board after a conference held pursuant to G. L. c. 152, § 7, was interlocutory in nature, and the insurer's appeal from the judgment was dismissed where the insurer had failed to exhaust its administrative remedies. [8-10]

CERTIFICATION to the Superior Court of an order of a member of the Industrial Accident Board under the Workmen's Compensation Act.

The case was heard by *Travers,* J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

The case was submitted on a brief.
*James C. Gahan, Jr.*, for the insurer.

LIACOS, J.    This is an appeal from a judgment of the Superior Court ordering the insurer to pay dependency benefits for the children of the employee under G. L. c. 152, § 35A. The judgment was issued in enforcement of the order of a single member of the Industrial Accident Board (board) which was issued after a conference held pursuant to G. L. c. 152, § 7. The issue posed by the insurer-appellant is whether § 35A authorizes such payments for child dependency to an employee when his wife is simultaneously collecting such benefits as a result of her own work related injury for the same dependent children. We do not reach this issue, however, as the record reveals that this appeal is not properly before this court and the appeal will therefore be dismissed.

The facts of the case in so far as they are either relevant or available from the appendix filed by the insurer show that the employee suffered a work related injury on March 11, 1974, and obtained both compensation and dependency benefits in accord with an agreement entered into with the insurer. The employee resumed work on May 15, 1974, but left again on September 30, 1974, claiming that he was unable to work due to the prior injury. The insurer contested the claim. While the employee's claim was in its incipient stages the employee's wife, who worked for the same employer, suffered a work related injury. She was given compensation benefits and the dependency benefits provided by § 35A for both children.

On November 19, 1974, the employee took the necessary steps to obtain the compensation claimed as a result of his cessation of work in September, by filing a claim with the board. Thereafter, pursuant to G. L. c. 152, § 7, a conference was held with a member of the board who ordered the insurer to pay compensation benefits to the employee and dependency benefits for the employee's wife and children.

As a result of this order, the insurer requested a formal

hearing before another member of the board pursuant to G. L. c. 152, § 7, as appearing in St. 1972, c. 742, § 1. Despite the command of § 7, that such hearing should be scheduled "to be held on a date not later than three months from the date the request was filed," the hearing was not scheduled until six months after the request and it appears that no hearing was held on the assigned date. While the request for a hearing was pending, the insurer, without waiving any rights of appeal, paid the compensation benefits, but declined to pay the dependency benefits. Thereafter, the employee, pursuant to G. L. c. 152, § 11, sought enforcement in the Superior Court of the order of the single member. That court granted enforcement, the insurer filed a notice of appeal with the Appeals Court and we transferred the case here on our own motion.

Although the issue has not been raised, the record suggests that this appeal is not properly before the court.[1] Under our normal practice, we will not decide a workmen's compensation case on the merits unless the record demonstrates that the parties have exhausted their available administrative remedies. *Broderick's Case*, 320 Mass. 149, 151 (1946). Cf. *Sydney* v. *Commissioner of Corps. & Taxation*, 371 Mass. 289, 293 & n.7, 294-295 (1976). The requirement that parties exhaust their administrative remedies before seeking review in this court is not a mere procedural device to trap the unwary litigant; rather, it is a sound principle of law and jurisprudence aimed at preserving the integrity of both the administrative and judicial processes. In the absence of such a requirement a court would be in the position of reviewing administrative proceedings in a piecemeal fashion, *Broderick's Case*, 320 Mass. 149, 151 (1946), and thus departing from the usual appellate practice of reviewing only final, and not interlocutory, decrees, *Kargman* v. *Superior Court*, 371 Mass. 324 (1976). More important, however, allowing the administrative process to run its course before permitting full

---

[1] The insurer did not raise this issue and the employee submitted the case without brief or oral argument.

appellate review gives the administrative agency in question a full and fair opportunity to apply its expertise to the statutory scheme which, by law, it has the primary responsibility of enforcing. *East Chop Tennis Club* v. *Massachusetts Comm'n Against Discrimination*, 364 Mass. 444 (1973).

The policies underlying the exhaustion doctrine have been particularly applicable in the case of the administration of the Workmen's Compensation Act. In *Shershun's Case*, 286 Mass. 379, 382 (1934), we wrote that while exhaustion of the available administrative remedies was not specifically required by the act, "the whole scheme of the act imports that alleged errors of a single member must be reviewed first by the board, and that in the main resort can be had to the court only after a decision has been rendered by the board." The primary purpose of this principle as mentioned in *Broderick's Case, supra,* has been to maintain the proper relationship between this court and the board by avoiding piecemeal review of compensation claims with its concomitant potential for usurpation of the integrity of the administrative process. The reason is particularly cogent when the procedural posture of this case is examined.

The order which was the basis of the judgment below was, as noted, issued by a single member after a conference held in compliance with the provisions of G. L. c. 152, § 7. The conference procedure was enacted in 1971, as a means of allowing the board to expedite compensation claims without the necessity of a full hearing before a single member under G. L. c. 152, § 8. St. 1971, c. 974. L. Locke, Workmen's Compensation § 481.5 (Supp. 1975). If a party is aggrieved by the order issued as a result of this conference, it may request a full § 8 hearing before another member of the board as was done by the insurer in this case. Thereafter, any party still aggrieved may seek review before the full board under G. L. c. 152, § 10.

Thus, an examination of the applicable procedure shows that this case was in its earliest stage when the enforcement order was issued. Only the initial conference had been

held and any aggrieved party still had two more levels of administrative review in which to resolve its claims of alleged error before seeking full judicial review as provided in § 11.

There is no question but that the Superior Court had jurisdiction to enter the order of enforcement. Statute 1972, c. 742, § 5, amended G. L. c. 152, § 11, to provide that an order of a single member is enforceable in the Superior Court.[2] The obvious purpose of that amendment was to give the employee the benefit of a power which the board cannot offer. The board has no power to compel performance of its orders or those of its members. Thus, this 1972 amendment enables the employee to secure an order compelling the insurer's compliance with the member's order under the threat of contempt. Locke, *supra* at § 561.

While a Superior Court judge is empowered to enter an order of enforcement at this point in the proceedings, it is obviously interlocutory in nature. Its sole purpose is to maintain a status in favor of the employee, pending the final resolution of the proceedings before the board. "[A]bsent special authorization, such interlocutory rulings or decisions cannot be presented piecemeal to this court for appellate review. They may be presented only as a part of the ultimate appellate review available on completion of proceedings in the trial court." *Giacobbe* v. *First Coolidge Corp.*, 367 Mass. 309, 312 (1975).

---

[2] General Laws c. 152, § 7, as appearing in St. 1972, c. 742, § 1, provides that "[s]uch an order shall for all purposes be enforceable under section eleven; provided, *however, that in the event of a request for a hearing, such order shall be enforceable under said section eleven only until a decision has been rendered after such hearing*" (emphasis supplied). The italicized language indicates that the order becomes enforceable even before a § 8 hearing is held. See G. L. c. 152, § 11, as amended through St. 1972, c. 742, § 5, which states: "Any party in interest may present certified copies of an order or decision of . . . a member . . . to the superior court . . . ." Prior to these 1972 amendments, § 11, as appearing in St. 1957, c. 693, § 2, applied only to "a decision of a member from which no claim for review has been filed within the time allowed therefor." The deletion of this language by St. 1972, c. 742, § 5, confirms our interpretation of the effect of § 7, as amended. Locke, *supra* at §§ 481.5, 584.

Since the order of enforcement is interlocutory in nature and since there is no specific authorization for review of such an order at this stage of the proceedings, the appeal must be dismissed.

*So ordered.*