JUDITH TEEHAN'S CASE. January 22, 1979. The question raised by the complaint whether the order of the single member reducing weekly compensation from the amount originally fixed by agreement remained in effect (perhaps on analogy to a preliminary modification order under G. L. c. 152, § 7, fourth sentence) after the reviewing board had remanded the case to the single member for the taking of additional testimony need not be answered, because the parties, following the entry of the appeal, agreed upon a lump sum settlement which has now rendered moot both the claim for compensation and the claim for an attorney's fee under § 11A. The facts stated in the complaint (and reaffirmed by the parties in arguing the appeal) establish that the insurer did not act unreasonably in making compensation payments in the amount specified in the order of the single member, notwithstanding the reasonableness of the employee's contrary position that the order of remand in effect reinstated the prior agreement; thus, even if we assume, without deciding, that an employee seeking compensation under G. L. c. 152 is not confined to the remedies provided by that chapter, it is clear that this employee is not entitled to recover on theories of unfair practice or outrageous conduct. We shall therefore affirm the judgment of dismissal, passing, as academic in the circumstances, a question not argued by the parties whether, under

847

the holding of *Assuncao's Case*, 372 Mass. 6, 10 (1977), the judgment of the Superior Court may have been interlocutory in nature and therefore not appealable.

*Judgment affirmed.*

*Louis Kerlinsky* for the employee.
*David M. Fuller* for the insurer.