Graham, J.
INTRODUCTION
This matter comes before the Court on defendant-in-counterclaim Harvard University’s (“Harvard”) motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6). Harvard initiated an action in District Court to collect unpaid educational fees from a graduate student, plaintiff-in-counterclaim Jennifer Goldstein (“Goldstein”). In response Goldstein, acting pro-se, filed a seventeen count[2] “counterclaim,” against Harvard and twelve members of its faculty, alleging, under various theories, that she was wrongfully terminated from the doctoral degree program in Harvard’s Department of Romance Languages. For the reasons set forth below, the complaint is dismissed without prejudice (for the final time) pursuant to Mass.R.Civ.P. Rule 8.
BACKGROUND
Goldstein enrolled as a graduate student in Harvard’s Department of Romance Languages in September of 1987. Once enrolled, she says she encountered anti-semitic behavior by faculty which she believed was specifically planned to sabotage her career. For example she alleges that in November 1989 Cifuentes, senior professor assigned all students to read an essay which stated that Jews commit infanticide. This assignment, she alleges, was for the specific purpose of making her so uncomfortable that she would leave the program.
Goldstein further alleges that in 1991 David Still-man, a teaching coordinator did not rehire her for a teaching position even though she was recognized as an outstanding teacher. She acknowledges that no other first time teaching fellows were rehired but suggests that the decision not to hire her “was done with malice.” ¶9 of the amended complaint. Goldstein and the others teaching fellows were eventually rehired.
In the paragraphs 10-100 of the complaint follow a series of seemingly disconnected incidents, all of which are alleged to be part of an elaborate conspiracy by Harvard to end her academic career.
In 1992, Goldstein’s dissertation proposal was rejected by the department. In that same year Harvard set a deadline for her to retake her general exam. In 1993, Goldstein still had not re-taken her general exam. Harvard refused to let her register for the next academic semester.
DISCUSSION
In evaluating a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6), the Court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). The complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim that would entitle plaintiff to relief. Nadar v. Citron, 372 Mass. 6, 98 (1977) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).
A complaint is not subject to dismissal if it could support relief under any theory of law. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). A complaint “is to be construed so as to do substantial *644 justice . . .” Ourfailian v. Aro Mfg. Co., 31 Mass.App.Ct. 294, 296 (1991).
However, Rule 8(a)(1) of the Massachusetts Rules of Civil Procedure may also be considered by the Court. Rule 8(a)(1) requires that the complaint contain a short and plain statement of the claims showing that the pleader is entitled to relief. The rule demands that the complaint be presented clearly and sufficiently for a Court or opposing party to understand whether a valid claim is alleged and if so what it is. When a complaint fails to satisfy this standard, the Court may, by motion or sua sponte, dismiss the plaintiffs claim. Because the complaint does not comply with Rule 8(a)(1), I will Dismiss it without prejudice.
The fundamental purpose of the complaint is to give fair notice to the defendant(s) of the claim(s) asserted. Goldstein alleges that the defendants’ actions violated federal and state civil rights laws, constituted negligence, defamation, fraud and misrepresentation, infliction of emotional distress, interference with contractual relations and breach of contract. However, the complaint appears as a series of objectionable incidents not necessarily connected to particular legal claims. The complaint contains allegations of events, which purportedly form the basis of a conspiracy to deprive her of various legal rights but many of the factual allegations are not clearly associated with her legal claims. It is unclear 1) which defendants allegedly made decisions adverse to her because of racial animus, 2) which particular decisions were racially motivated, and 3) which defendants made the decision to terminate her student status. The allegations include conversations which Goldstein had with parties who are not defendants.[3] Other allegations appear to be based simply upon Goldstein’s speculations as to the motives of various defendants. Finally several of the defendants appear, at best, to have only a tangential and inconsequential relationship to Goldstein’s academic misfortunes. Therefore the complaint fails to comply with Rule 8(a)(1) as it is neither short, plain nor coherent.
CONCLUSION
For the foregoing reasons, the plaintiffs Amended Complaint is ordered DISMISSED without prejudice.

Goldstein’s complaint was later amended to fourteen counts.

Paragraph 21 of the amended complaint. “On or about January 16, 1992 Gaylord told McGaha, a professor of Spanish at Pamona College, that the department did not pass defendant on a preliminary General Exam (although they had not failed her either) for reasons that had nothing to do with academic competence. She said that they had passed students on the generals whose exams were inferior to defendant’s preliminary General Exams, thereby admitting that there was a joint plan of three faculty members to deprive defendant of a fair examination based only on academic and scholarly knowledge.”
See also ¶25 of the amended complaint. “In February of 1992, a graduate student who is a priest, De Stephano, told defendant that he complained of anti-clericalism to Gaylord, Gaylord told him that perhaps he should leave.”

Deans Jeremy Knowles, Joe McCarthy, Christopher Wolff, John Fox, and Margot Gill all in both professional and individual parties. Professors Mary Gaylord, Luis Fernandez-Cifuentes, Doris Sommer, Jan Ziolkowski, David Stillman, all in both professional and individual capacities. Also, former professor Paul Panadero and Judith Frommer, both in professional and individual capacities.