Kenton-Walker, Janet, J.
Pursuant to Mass.R.Civ.P. 12(b)(1) and/or (b)(6), the defendant, Educational Association of Worcester (“EAWj, moves *48 the court to dismiss Count I of the complaint filed by the plaintiff, John J. Pepi (“Pepi”).
In his complaint, Pepi alleges the follow facts, which for the purposes of this motion, the court accepts as true. See Nader v. Citron, 372 Mass. 96, 98 (1977), abrogated on other grounds by Iannacchino v. Ford Motor Co., 451 Mass. 623 (2008). As an employee of the Worcester Public Schools, Pepi was a member of the EAW, the exclusive bargaining representative for the employees of the Worcester Public Schools. Pepi alleges that he was wrongfully discharged from his position as Worcester Public Schools Athletic Director and the EAW filed grievances and pursued arbitration on Pepi’s behalf. Pepi further alleges that due to the untimeliness of the filing of the grievances by the EAW, Pepi’s claims were dismissed by the arbitrator. Pepi charges in this complaint that the EAW breached its duty of fair representation to Pepi by failing to timely file Pepi’s grievances. Prior to the filing of this complaint, however, Pepi also filed identical complaints against the EAW with the Massachusetts Division of Labor Relations (“DLR”).
The EAW contends that actions such as Pepi’s should be heard in the first instance by the DLR on the basis that there are strong policies supporting primary jurisdiction of the DLR over cases involving the duty of fair representation, and such cases require the expertise of the agency. See Leahy v. Local 1526, AFSCME, 399 Mass. 341, 349 (1987). EAW also argues that because Pepi has pending charges at the DLR, the doctrine of exhaustion of administrative remedies contemplates this type of situation where an administrative action has already begun, but has not been completed. See Murphy y. Administrator of the Div. of Personnel Admin., 377 Mass. 217, 220 (1979). Pepi counters that because there are no disputed issues of fact, there are no facts requiring expertise, and there is precedent that courts have concurrent jurisdiction, this court should decline primary jurisdiction to DLR and not require exhaustion of the administrative remedy. Leahy, 399 Mass. at 350-51.
While there may be contested facts regarding the timeliness of the filing by the EAW, such facts are not overly technical in nature, and may not necessarily require the expertise of the DLR to resolve. On the other hand, the remedy sought by Pepi from the DLR is much the same as he seeks from the court, and “(b]y permitting an agency to apply its expertise to the statutory scheme which it is charged to enforce, courts preserve the integrity of the administrative process while sparing the judiciary of the burden of reviewing administrative proceedings in a piecemeal fashion.” Murphy, 377 Mass. at 220, citing Assuncao’s Case, 372 Mass. 6, 8-9 (1977). Also, Pepi’s complaint against the remaining defendants involves claims independent of the claim against the EAW so that resolution of the EAW claim by the DLR will not adversely effect the remaining litigation. For the above reasons, the court declines to exercise its concurrent jurisdiction in this matter.
Based on a review of the pleadings submitted by the parties and a review of the relevant case law, it is hereby ORDERED that the EAWs motion to dismiss be ALLOWED.