The fact that the city has raised the jurisdictional issue of standing for the first time in the Superior Court and on appeal further underscores the propriety of adhering to the general rule. There is “no reason why the [city] would be unable to obtain effective appellate review of the standing issue on appeal after [remand].” Elies v. Zoning Bd. of Appeals of Quincy, 450 Mass, at 674. Sound jurisprudence militates in favor of allowing the administrative process to run its course. See Gill v. Board of Registration of Psychologists, 399 Mass. 724, 727 (1987) (dismissing declaratory judgment action where “[t]he board ha[d] held no hearing on the jurisdictional question raised by the plaintiff and ha[d] had no opportunity to render a considered decision under the facts of th[e] case”). Like the doctrine of exhaustion of administrative remedies, the rule that we hear appeals from final judgments, not interlocutory orders,
“is a sound principle of law and jurisprudence aimed at preserving the integrity of both the administrative and judicial processes. In the absence of such a requirement a court would be in the position of reviewing administrative proceedings in a piecemeal fashion, Broderick’s Case, 320 Mass. 149, 151 (1946) .... More important, however, allowing the administrative process to run its course before permitting full appellate review gives the administrative agency in question a full and fair opportunity to apply its expertise to the statutory scheme which, by law, it has the primary responsibility of enforcing. East Chop Tennis Club v. Massachusetts Comm’n Against Discrimination, 364 Mass. 444 (1973).”
Assuncao’s Case, 372 Mass. 6, 8-9 (1977).
Accordingly, we decline to hear this appeal, which is premature.

Appeal dismissed.