VALDEMAR RAMALHETE *vs.* UNI-ROYAL, INCORPORATED.

Hampden.    September 20, 1976. — October 18, 1976.

Present: HALE, C.J., ARMSTRONG, & BROWN, JJ.

*Workmen's Compensation Act,* Enforcement of order by Superior Court, Costs, Delay in payment.

Even though a self-insurer in a workmen's compensation case inadvertently failed to make weekly payments to an employee as ordered by a member of the Division of Industrial Accidents and paid the entire amount only after the employee had filed a complaint against it in the Superior Court, there was no error in the dismissal of the employee's claim for an increase in the amount of the award for unreasonable delay in payment where the employee had not previously sought such an increase under the provisions of G. L. c. 152, § 11 [599]; the employee's claim for attorney's fees and costs, how-

ever, was not rendered moot by the defendant's compliance with the order for payment and the judge erred in dismissing that claim [599-600].

CIVIL ACTION commenced in the Superior Court on August 27, 1974.

The case was heard by *Griffin, J.*

*Herbert Murphy* for the plaintiff.

*Gerard L. Pellegrini* for the defendant.

HALE, C.J.  This is an appeal from a judgment of the Superior Court which dismissed the plaintiff's complaint which was brought pursuant to G. L. c. 152, § 11. The facts are before us in the form of a statement of the evidence in accordance with Mass.R.A.P. 8(c), 365 Mass. 849 (1974). The portions of the evidence relevant to this appeal are as follows.

The plaintiff injured his back on October 5, 1973, in the course of his employment with the defendant. A claim for workmen's compensation was filed on February 22, 1974. Following a conference on May 23, 1974, a member of the Division of Industrial Accidents, acting pursuant to G. L. c. 152, § 7 (as amended through St. 1972, c. 742, § 1), entered an order, dated June 14, 1974, directing that the plaintiff be paid "temporary total incapacity compensation" at the rate of eighty dollars a week pursuant to G. L. c. 152, § 34 (as amended through St. 1971, c. 879, § 4), covering the period from October 5, 1973, to April 18, 1974. Due to inadvertence and mistake the defendant, a self-insurer, did not make payment as ordered.

On August 27, 1974, the plaintiff filed a complaint in the Superior Court which sought the following: (1) a judgment ordering the defendant to comply with the order of payment; (2) attorney's fees and costs for the Superior Court proceeding; (3) a ten per cent increase in workmen's compensation benefits for unreasonable delay in payment.

On September 9, 1974, the defendant sent $2,240, directly to the plaintiff, which amount represented twenty-eight weeks of total incapacity compensation at the rate of

eighty dollars a week, as ordered by the member. On September 17, 1974, the defendant filed an answer which specifically denied each of the claims and also asserted payment of the amount ordered.

On October 21, 1974, a Superior Court judge dismissed the plaintiff's complaint and ordered entry of judgment for the defendant. The plaintiff appealed.

The plaintiff's attorney is precluded from presenting his claims for an attorney's lien (G. L. c. 221, § 50) and for interest on the award (G. L. c. 152, § 50), as neither of those claims was asserted in the complaint.[1] Such claims are not properly before us as they were not before the trial judge. *Milton* v. *Civil Serv. Commn.* 365 Mass. 368, 379 (1974).[2]

The refusal of the trial judge to hear the plaintiff's claim for an increase in the amount of the award for unreasonable delay in payment was correct. General Laws c. 152, § 7E, as amended by St. 1972, c. 188, which provides for such an increase, also provides that the aggrieved party seek such an increase from the "board, reviewing board or single member." The Superior Court is without jurisdiction over a claim made under § 7E until an order made pursuant to it has been certified to the Superior Court. G. L. c. 152, § 11, as amended through St. 1972, c. 742, § 5. G. L. c. 152, § 16. See *Broderick's Case*, 320 Mass. 149, 150 (1946).

However, that part of the complaint seeking attorney's fees and costs incurred in connection with the Superior Court proceeding was not rendered moot by the defendant's compliance with the order for payment, which was not made until after the action had been commenced. "If any party in interest presents certified copies to the superior court ... for the purpose of enforcing decisions of

---

[1] For the same reason, we need not decide whether G. L. c. 221, § 50, applies to a case such as this.

[2] For a discussion of enforcement of claims for attorney's fees in workmen's compensation cases see Locke, Workmen's Compensation, § 634, at 749 (1968).

the board or a member made in his favor, the court shall
... allow such party the fees, briefs and expenses provided
for by this section." G. L. c. 152, § 11A, as amended
through St. 1957, c. 693, § 3. The complaint should not
have been dismissed until that issue had been disposed of.
See *Lambert's Case*, 325 Mass. 516, 519 (1950).

Accordingly, the judgment is reversed and the case is
remanded to the Superior Court for further proceedings
consistent with this opinion.

*So ordered.*