FLORENCE C. RAY's CASE. May 6, 1980. The employee filed a claim for workmen's compensation with the Industrial Accident Board because of injuries alleged to have arisen out of and in the course of her employment. A conference was held before a single member of the board, pursuant to the provisions of G. L. c. 152, § 7, as appearing in St. 1972, c. 742, § 1. A denial of payment order was filed by the single member on January 13, 1977. The employee did not request a hearing within the time limited by § 7. On July 21, 1978, the employee filed a petition for leave to file a claim late in the Superior Court pursuant to G. L. c. 152, § 8A, as amended by St. 1976, c. 392. After a hearing the judge entered an order allowing the petition. The employer and the insurer have appealed. The effect of that order was to remove a procedural barrier to the employee's continued litigation of her claim. It was thus interlocutory in

nature and is not properly before us. Compare *Pereira's Case,* 313 Mass. 774, 775 (1943); *Batchon's Case,* 333 Mass. 605, 606 (1956). Workmen's compensation cases may not be appealed on a piecemeal basis. Appellate review of the correctness of the judge's order must await a final judgment of the case on its merits. *Assuncao's Case,* 372 Mass. 6, 8 (1977).

*Appeal dismissed.*

*J. Norman O'Connor, Jr.,* for the insurer & another.
*Thomas A. Boyle, III,* for the employee.