PAUL S. KINTNER'S CASE. January 16, 1981. The employee sought compensation for injuries allegedly received while in the employ of the town of Winchester, a self-insurer. A single member of the Industrial Accident Board, after hearing under the provisions of G. L. c. 152, § 8, as amended by St. 1972, c. 742, § 2, ordered payment of compensation. The town sought review under G. L. c. 152, § 10, as amended by St. 1978, c. 348, § 1. Before the case was heard by the reviewing board, the employee filed a certified copy of the single member's order with the Superior Court, seeking judicial enforcement. See G. L. c. 152, § 11, as amended through St. 1978, c. 478, § 80. The Superior Court ordered compliance and also awarded the employee attorney's fees in the amount of $300. See G. L. c. 152, § 11A. Recognizing the decision in *Assuncao's Case*, 372 Mass. 6 (1977), the town concedes, properly, that the judgment is presently unappealable insofar as it directs compliance with the order of the single member; but it appeals from the portion of the judgment awarding attorney's fees, contending that that portion is sufficiently collateral to the proceedings before the board as to be presently reviewable.

As a matter of logic, it can well be argued that the correctness of the Superior Court's award of counsel fees in the enforcement proceeding should not be reviewable in any appeal that the town may take from the still-to-be-entered decision of the reviewing board on the merits of the employee's claim. But in *Ray's Case*, 9 Mass. App. Ct. 913 (1980), this court held that an analogous court order was reviewable only on an appeal from the final decision of the board, preferring to give full scope to the principle of discouraging interlocutory appeals and avoiding appellate review on a piecemeal basis. We again choose to follow that approach, holding that the town may obtain review of the counsel-fee award by taking an appeal from the decision of the board, even if that decision be in its favor.

*Sciola's Case*, 236 Mass. 407 (1920), *Green's Case*, 330 Mass. 63 (1953), and *Foley's Case*, 344 Mass. 456 (1962), all involved appeals from collateral orders of the Superior Court in situations where, due to the peculiar requirements of G. L. c. 152, § 11, first par., the correctness of that court's orders could not otherwise be reviewed by way of appeal. See *Batchon's Case*, 333 Mass. 605 (1956). That is not the situation here. In *Ramalhete* v. *Uni-Royal, Inc.*, 4 Mass. App. Ct. 597 (1976), no party raised the issue that the appeal was premature, and that question was not passed upon by the court.

*Appeal dismissed.*

*Douglas A. Randall*, Town Counsel, for the town of Winchester.

