Joseph J. Czarniak's Case.

Suffolk.  April 22, 1982. — September 28, 1982.

Present: Brown, Perretta, & Kass, JJ.

*Workmen's Compensation Act,* Subsequent injury, Enforcement of order
by Superior Court.

On an appeal by an insurer from a decision of the Industrial Accident
   Board awarding worker's compensation benefits to an employee who
   had returned to work several months after he sustained a compensable
   injury and was later forced to stop work due to severe pain, this court
   remanded the case to the Industrial Accident Board for the board to
   determine, in light of *Don Francisco's Case, ante* 456 (1982), the ques-
   tion whether the employee's stopping work had been the result of de-
   terioration in his condition, entitling him under G. L. c. 152, § 35B,
   to worker's compensation benefits at the higher rate in effect at the
   time he stopped work following his return. [468-470]
An employee was entitled to enforcement of an order of a single member
   of the Industrial Accident Board for payment of worker's compensa-
   tion benefits during the pendency of an appeal by the insurer.
   [469-470]

CERTIFICATION to the Superior Court Department of two
decisions by the Industrial Accident Board.

After an enforcement proceeding before *Hurd,* J., an ap-
peal from an award of compensation was heard by *Keady,* J.

*Ellen S. Cooper (William H. Murphy* with her) for the
employee.

*Paul A. Murphy* for the insurer.

PERRETTA, J.  The employee appeals from a judgment of
the Superior Court reversing the decision of the reviewing
board of the Industrial Accident Board awarding him com-
pensation benefits in accordance with G. L. c. 152, § 35B.

The reviewing board (board) affirmed and adopted the
decision of a single member whose findings were based upon

the parties' statement of agreed facts which recited the following events. On September 14, 1976, the employee sustained a compensable injury to his back. He returned to work on March 21, 1977, but on May 21, 1977, the employee "was forced to stop work due to severe pain in his back and leg." Since that time, the employee has undergone two operations on his back, and he is currently disabled. The board awarded him compensation at the rate in effect on May 21, 1977, because, as stated by the single member: "Section 35B impels the conclusion that the Legislature intended that a worker who suffers a further period of incapacity after returning to work for at least two months be paid at the compensation rate in effect as of the recurrence of incapacity."

Upon the insurer's appeal, the trial judge ruled that § 35B is inapplicable in the absence of a finding that an employee sustained a subsequent injury. He reversed the board's decision and ordered the insurer to pay benefits at the rate in effect on September 14, 1976.

Although the board has considered the employee's § 35B claim, it did not have the opportunity to do so in light of *Don Francisco's Case, ante* 456 (1982), where we stated that if, no less than two months subsequent to an employee's return to work, a deterioration occurs in his physical or mental condition, *Burns's Case,* 218 Mass. 8, 12 (1914); *Fitzgibbons's Case,* 374 Mass. 633, 637 (1978), he is entitled to compensation at the rate in effect on the date he is again required to leave work. Cf. *Atamian's Case,* 265 Mass. 12, 16 (1928); *Trombetta's Case,* 1 Mass. App. Ct. 102, 105 (1973). While the employee need not sustain an injury independent of and unrelated to a prior compensable injury in order to be eligible for compensation in accordance with § 35B, he must show more than a new period of incapacity because of the former injury. See *Calheta's Case, ante* 464 (1982). The facts in the instant case do not provide a sufficient basis for determining whether there was a deterioration in the employee's condition between March 21 and May 21, 1977, which required him again to leave work or whether

the employee's condition was such on March 21, 1977, that he was unable to do the work to which he had returned. Compare *Don Francisco's Case, supra,* and *Calheta's Case, supra.*

Following a conference pursuant to G. L. c. 152, § 7, a single member of the Industrial Accident Board ordered the insurer to pay benefits at the increased rate pursuant to § 35B. The insurer timely appealed from the order and continued to pay benefits, but at the rate in effect on September 14, 1976. The employee certified the order to the Superior Court, seeking its enforcement and an award of costs and counsel fees incident to the enforcement proceeding. G. L. c. 152, §§ 11 & 11A. The trial judge reversed the order and found in the insurer's favor. He made no disposition of the employee's claim for costs and attorneys' fees. The employee then appealed to this court, but the appeal was interlocutory and was dismissed. See *Ray's Case,* 9 Mass. App. Ct. 913 (1980); *Kintner's Case,* 11 Mass. App. Ct. 907 (1981). The employee now reasserts his claim for an award of costs and fees in connection with the § 11 enforcement proceedings.

It was error to reverse the order of the single member. The purpose of an enforcement proceeding is "to give the employee the benefit of a power which the board cannot offer. The board has no power to compel performance of its orders or those of its members . . . . [The] sole purpose [of a court order of enforcement] is to maintain a status in favor of the employee, pending the final resolution of the proceedings before the board." *Assuncao's Case,* 372 Mass. 6, 10 (1977). Any monies paid to the employee pursuant to an order under § 7 which are found to be in error after the insurer's appeal are returned to the insurer. See § 7, as appearing in St. 1979, c. 483 ("If, after such hearing, a decision is rendered that weekly payments . . . made under the original order were *not* due, the state treasurer shall reimburse the insurer and the employee shall reimburse the state treasurer for the amounts paid the insurer"). The employee was entitled to enforcement of the order, and his claim for [9]

costs and attorneys' fees should have been allowed. *Ramal-hete* v. *Uni-Royal, Inc.*, 4 Mass. App. Ct. 597, 599-600 (1976). Compare *Rival's Case*, 383 Mass. 172 (1981), dealing with the award of costs and counsel fees pursuant to § 11A on an appeal from a decision of the board rather than an order of a single member.

The order designated as a judgment in Case No. 41122 is reversed, and the matter is remanded to the Superior Court for entry of an order requiring the insurer to pay compensation to the employee as ordered by the single member on December 19, 1979, and the costs and counsel fees incurred by the employee in connection with those proceedings. The judgment in Case No. 46858 is reversed, and the matter is remanded to the Superior Court with instructions to remand to the Industrial Accident Board for determination of the applicable rate of compensation. The costs of this appeal are to be determined by a Justice of this court.

*So ordered.*