Biagini's Case.

MARINO BIAGINI'S CASE.

Hampden.  March 12, 1986. — April 22, 1986.

Present: BROWN, DREBEN, & FINE, JJ.

*Workmen's Compensation Act,* Enforcement of order by Superior Court,
Exhaustion of administrative remedies.

In an employee's proceeding under G. L. c. 152, § 11, the judge in the
Superior Court had no discretion to deny enforcement of an order by a
single member of the Industrial Accident Board directing payment of
workers' compensation, which the insurer had appealed to the agency's
reviewing board. [104]

CERTIFICATION to the Superior Court Department of a deci-
sion by the Industrial Accident Board.

A proceeding for enforcement of an order by a single member
of the Industrial Accident Board was heard by *George J. Hayer,*
J.

*Earlon L. Seeley, Jr.,* for the employee.
*James M. Rabbitt,* for the insurer, submitted a brief.

BROWN, J. The employee has taken an appeal from a "judg-
ment" of the Superior Court denying enforcement of a decision
under G. L. c. 152, § 8, of a single member of the Industrial
Accident Board (board). The judge erred.

We summarize the proceedings below. The employee filed
a claim for workers' compensation with the board because of
injuries alleged to have arisen out of and in the course of his
employment. After a conference held before a single member
of the board pursuant to the provisions of G. L. c. 152, § 7,
an order denying payment was filed. Another single member,
after a hearing requested by the employee pursuant to G. L.
c. 152, §§ 7 & 8, ordered payment of compensation. The
insurer sought review under G. L. c. 152, § 10. Before the
case was heard by the reviewing board, the employee filed a

certified copy of the single member's order with the Superior Court, seeking judicial enforcement. See G. L. c. 152, § 11. A judge of the Superior Court refused to order compliance.

Section 11 of c. 152 mandates that § 8 orders are to be enforced by the Superior Court. The purpose of an enforcement proceeding is "to give the employee the benefit of a power which the board cannot offer" the "power to compel performance of its orders or those of its members." *Assuncao's Case,* 372 Mass. 6, 10 (1977). *Czarniak's Case,* 14 Mass. App. Ct. 467, 469 (1982). The judge had no discretion to refuse so to order. In the particular circumstances presented here the judge's action is contrary to the statutory mandate and is immediately appealable.[1] See *Seymour's Case,* 6 Mass. App. Ct. 935 (1978). Contrast *Kintner's Case,* 11 Mass. App. Ct. 907, 908 (1981). The policy underlying exhaustion of the administrative process does not come into play here, where the "sole purpose [of a court order of enforcement] is to maintain a status in favor of the employee, pending the final resolution of the proceedings before the board." *Assuncao's Case, supra.* Cf. *Borman* v. *Borman,* 378 Mass. 775, 779-780 (1979).

The case is remanded to the Superior Court for entry of an order enforcing the payment order of the single member.

*So ordered.*

---

[1] As we hold that this matter was immediately appealable, we have no occasion to discuss whether this case presents one of those "unusual instances where appellate review on an interlocutory basis is authorized by law." *Mancuso* v. *Mancuso,* 10 Mass. App. Ct. 395, 401 & n.6 (1980). Nothwithstanding what we have just said, we would be remiss if we were not to point out that the relief sought here would have been more quickly obtainable from a single justice of this court pursuant to G. L. c. 231, § 118, first par.