ROBERT R. SPEED'S CASE. February 27, 1987. *Workmen's Compensation Act,* Enforcement of order by Superior Court.

After a hearing pursuant to G. L. c. 152, § 8, a single member of the Industrial Accident Board (board) determined that the employee was entitled to some but not all of the benefits he claimed. The insurer did not seek review of the order by the board under § 10, but the employee did. He appealed to the board from that portion of the single member's decision which denied him full benefits on his claim. At the same time, he made written demand upon the insurer for payment of those benefits set out in the § 8 order. When the insurer refused to make the payments ordered by the single member, the employee sought judicial enforcement of the order pursuant to § 11, as authorized by § 8. A judge of the Superior Court refused to order compliance.

The insurer resists compliance with the single member's order on two grounds: (1) that the employee has a pending appeal before the board under § 11; and (2) that § 8, unlike § 7, makes no provision for reimbursement of the insurer by the State treasurer if and when it is determined that payments were not due the employee.

As the insurer failed to seek review of the § 8 order under § 10, it ultimately will be required, irrespective of the employee's appeal, to make those payments set out in the § 8 order. We, therefore, fail to see how the insurer will be harmed if an order for compliance were to enter pursuant to § 11. In these circumstances, and in light of the insurer's argument, we have no cause to depart from or reconsider our holding in *Biagini's Case,* 22 Mass. App. Ct. 103 (1986). Accordingly, the case is remanded to the Superior Court for the entry of an order enforcing the payment order of the single member. Counsel fees and expenses to the employee are to be determined by a single justice of this court. G. L. c. 152, § 12A.

*So ordered.*

*Pasquale J. Ventola* for the employee.
*John D. Lanoue* for the insurer.