ALLEN ARBOGAST vs. EMPLOYERS INSURANCE OF WAUSAU.

No. 88-P-112.

Suffolk. November 14, 1988. — December 29, 1988.

Present: GREANEY, C.J., KAPLAN, & KASS, JJ.

*Workmen's Compensation Act,* Enforcement of order by Superior Court,
Counsel fees. *Practice, Civil,* Appeal. *Attorney at Law,* Compensation.

The action of a Superior Court judge in refusing enforcement of an order
of an administrative judge entered under G. L. c. 152, § 12 (1), was
immediately appealable. [721]

A Superior Court judge has no discretion to deny enforcement of an order
entered by an administrative judge in the Department of Industrial Ac-
cidents, awarding an employee compensation and attorney's fees under
G. L. c. 152 § 12 (1). [721]

This court was of opinion that the Legislature's enactment of St. 1987,
c. 691, § 8, to correct the unintended omission, when it substantially
revised the Workmen's Compensation Act, of a provision for the award
of attorney's fees in connection with an employee's successful proceeding
under G. L. c. 152, was procedural in nature, and not affecting any
substantive interest, and was therefore fully retroactive to injuries occur-
ring before November 1, 1986, the date the revisions to the statute
became effective. [721-723]

CIVIL ACTION commenced in the Superior Court Department
on September 11, 1987.

The case was heard by *Paul K. Connolly, J.*

*Pasquale J. Ventola* for the employee.

*Salvatore J. Perra* for the insurer.

GREANEY, C.J. The employee has appealed from a judg-
ment of the Superior Court denying enforcement of a decision
under G. L. c. 152, § 12(1), as appearing in St. 1985, c. 572,
§ 26, of an administrative judge of the Industrial Accident
Board. We reverse.

The background of the case is as follows. On March 9,
1977, the employee suffered an occurrence of contact dermatitis
during his employment as a grinder by George W. Moore,

Inc. That company's workers' compensation insurance is provided by Employers Insurance of Wausau. In February, 1985, while employed as a grinder by another company, the employee suffered a more severe recurrence of the dermatological condition initially caused by his work at the Moore company. Wausau, which had been voluntarily paying the employee's medical bills until the employee began working for the second employer, stopped the payments in February, 1985, alleging that the subsequent employment had aggravated the employee's dermatological condition, thereby relieving it of any further liability.

The employee filed a claim against Wausau and the second employer's workers' compensation insurer to determine which insurer was responsible under G. L. c. 152. After a conference pursuant to the former G. L. c. 152, § 7, as in effect prior to St. 1985, c. 572, § 18, a single member of the Industrial Accident Board entered orders which (a) directed Wausau to pay the employee temporary total incapacity benefits, and (b) determined that no payments were due from the insurer of the second employer. These orders were appealed by Wausau. A different single member heard evidence pursuant to former G. L. c. 152, § 8, as·in effect prior to St. 1985, c. 572, § 21. On July 13, 1987, the single member, now called an administrative judge, see G. L. c. 23E, § 4, as appearing in St. 1985, c. 572, § 4, rendered a decision which ordered Wausau to pay temporary partial incapacity compensation, expert witness expenses, and attorney's fees to the employee's counsel. The administrative judge denied the claim against the insurer of the second employer. Both the employee and Wausau filed appeals to the reviewing board pursuant to G. L. c. 152, § 11C, as appearing in St. 1985, c. 572, § 25.

On September 11, 1987, the employee filed a certified copy of the administrative judge's decision with the Superior Court pursuant to G. L. c. 152, § 12(1), requesting enforcement of the administrative judge's orders. A judge of the Superior Court entered the "judgment" in issue ordering that "the complaint be dismissed." By the time the appeal was argued Wausau had complied with all the orders of the administrative judge

except the order directing the payment of attorney's fees to the employee's counsel.

1. The action of the Superior Court judge refusing enforcement of the administrative judge's decision and orders was immediately appealable. *Biagini's Case*, 22 Mass. App. Ct. 103, 104 (1986).

2. Section 12(1) of the current G. L. c. 152 provides that the Superior Court, when presented with a decision of an administrative judge or of the reviewing board "shall enforce the order or decision, notwithstanding whether the matters at issue have been appealed and a decision on the merits of the appeal is pending." As has been noted by a commentator on G. L. c. 152: "[t]he language of subsection (1) [of § 12] is stronger than that of prior Section 11" of c. 152 (as in effect prior to St. 1985, c. 572, § 25), which spoke of the Superior Court's enforcement duty in terms of the duty to "render a decree in accordance" with the board's or member's decision. Locke, Workmen's Compensation § 7.21 (1987 Supp. to 2d ed.). Even under the language of the prior § 11, enforcement of a single member's decision after an evidentiary hearing pursuant to the prior § 8, was considered to be mandatory, *Biagini's Case*, 22 Mass. App. Ct. at 104, and cases cited, in order to "maintain a status in favor of the employee, pending the final resolution of the proceedings before the board." *Ibid.*, quoting from *Assuncao's Case*, 372 Mass. 6, 10 (1977). The orders of the administrative judge in this case, including the order for payment of attorney's fees, should have been enforced, leaving Wausau to pursue its appeal to the reviewing board on the employee's entitlement to compensation and attorney's fees.

3. Our conclusion that the orders should have been enforced decides the appeal. We choose, however, to pass on Wausau's argument that the employee is not, as matter of law, entitled to attorney's fees because the issue has been argued and appears to be occurring with some frequency before the reviewing board. See *Wellesley College* v. *Attorney Gen.*, 313 Mass. 722, 731 (1943); *Blood* v. *Lea*, 403 Mass. 430, 435 (1988).

Wausau points out that the former § 12A of G. L. c. 152, which provided for payment of attorney's fees to an employee's counsel in connection with a successful § 8 proceeding was effective until November 1, 1986, when the section was repealed by St. 1985, c. 572, § 27. In the new § 13A(3) of c. 152, as appearing in St. 1985, c. 572, § 28A, provision is again made for attorney's fees in a successful hearing. By means of St. 1985, c. 572, § 65, however, § 13A was expressly deemed substantive for the purposes of G. L. c. 152, § 2A,[1] and was therefore only applicable to injuries occurring on and after November 1, 1986. Relying on *Rival's Case*, 383 Mass. 172, 176 (1981), which states that the decision to award attorney's fees in a proceeding under G. L. c. 152 is solely a legislative one, Wausau concludes that there was no statutory ·authority for the award of attorney's fees here because, on the date of the administrative judge's decision (July 13, 1987), the old § 12A had been repealed and the new § 13A(3), while in effect, was not applicable to any claim which arose prior to November 1, 1986.

The situation described by Wausau is a classic example of an oversight occurring in the course of a large legislative enterprise, in this case the Legislature's overhaul of G. L. c. 152 in 1985. Obviously, the Legislature did not intend to deprive employees of the long established benefit of attorney's fees in the case of a successful result after an insurer's appeal of a conference order. In fact, the imperfection was brought to the Legislature's attention, and cured, by St. 1987, c. 691, § 8. That statute struck out § 13A and inserted a new § 13A in its place. Subsection (7) of the new § 13A provides that a reasonable attorney's fee shall be paid to an employee who prevails in the insurer's appeal of a conference order. This curative legislation was expressly made applicable to "an order . . . with respect to an injury occurring prior to November first,

---

[1] Section 2A, inserted by St. 1946, c. 386, § 3, provides that legislative acts making certain amendments therein described to G. L. c. 152 shall "be deemed to be substantive in character and shall apply only to personal injuries occurring on and after the effective date of such act[s], unless otherwise expressly provided."

nineteen hundred and eighty-six" and, by St. 1987, c. 691, § 18, the curative legislation was deemed to be procedural in nature. The legislation, therefore, was fully retroactive, in accordance with the "otherwise expressly provided" language of G. L. c. 152, § 2A. See note 1, *supra*. The Legislature's action falls within that body's power to correct an unintended defect in legislation by means of a curative act which does not invade any substantive interest. See Sutherland, Statutory Construction § 41.11 (1986 revision of 4th ed.). Cf. *Canton* v. *Bruno*, 361 Mass. 598, 606-609 (1972).

The judgment is vacated. The case is remanded to the Superior Court for the entry of a judgment enforcing all of the orders of the administrative judge in her decision of July 13, 1987, pending any further proceedings before the board. The employee's request for attorney's fees and costs in connection with the appeal can be taken up with the Superior Court.

*So ordered.*