Agnes, A.J.
Plaintiff Aerovox has filed a complaint seeking a preliminary injunction to stay further proceedings before the defendant, Department of Industrial Accidents (“the Department”) relating to a claim brought by defendant Maria Arsenio for double compensation under the Workers’ Compensation Act (“the Act”). See G.L.c. 152, §28. Plaintiff also seeks a declaratory judgment that defendant Arsenio’s §28 claim is barred because her earlier decision to accept a lump sum settlement under G.L.c. 152, §48 represents full satisfaction of “any liability for compensation” by plaintiff Aerovox in the absence of any express reservation by the defendant Arsenio of a right to further compensation.
Defendants Arsenio and the Department brought a motion to dismiss for lack of subject matter jurisdiction and for failure to exhaust administrative remedies. Plaintiff responded with a cross-motion for summary, judgment.
BACKGROUND
Defendant Arsenio filed a Workers’ Compensation Claim against her employer, plaintiff Aerovox, because of a serious injury sustained to her hand while operating a machine at work. The parties entered into a Lump Sum Agreement on February 9, 1999, entitling Arsenio to weekly payments based on this claim. See G.L.c. 152, §48. On July 15, 1999, Arsenio made a claim for double compensation benefits against plaintiff under G.L.c. 152, §28 of the Act, which entitles an employee to double compensation if the employee’s injury resulted from serious or wilful misconduct of the employer. Plaintiff denied this claim, and filed a motion to dismiss with the Department, which was denied by an Administrative Judge. When plaintiff filed his complaint with this Court, an evidentiary hearing on the merits of Arsenio’s claim had not been scheduled. However, at oral argument on September 12, 2000, plaintiff notified the Court that this hearing was to take place on September 18, 2000.
DISCUSSION
1. The Request for Declaratory Judgment. The defendants have filed a motion to dismiss, pursuant to Mass.R.Civ.P. 12(b)(1), on grounds that the Superior Court lacks subject matter jurisdiction in connection with a case that is pending before the Department. It is settled that the power granted to the Superior Court to declare the rights of parties pursuant to the Declaratory Judgment Act, G.L.c. 231A, §1, etseq., does not constitute a grant of increased or expanded jurisdiction. See Sisters of Holy Cross of Mass. v. Town of Brookline, 347 Mass. 486, 491 (1964). The court’s jurisdiction over this case must, therefore, be found elsewhere.
Claims for compensation or for the modification or discontinuance of benefits under the Workers’ Compensation Law are heard by administrative judges. G.L.c. 152, §10A. By statute, administrative judges are empowered to conduct investigations and evidentiary hearings in order to render decisions as to the issues presented by these claims. G.L.c. 152, §§11, 11A. Once an administrative judge makes a decision, an aggrieved party has a right to appeal to the reviewing board. G.L.c. 152, §11C. A party who is aggrieved by the decision of the reviewing board has a right to judicial review, under the standards set forth in G.L.c. 30A, § 14, in the Appeals Court, not before the superior court. G.L.c. 152, §12(2). The language of the statute is clear. "Any appeal from a decision by a reviewing board . . . shall be filed with the appeals court ...” G.L.c. 152, §12(2). The same statute assigns to the Superior Court a specific, but limited, role of enforcing the orders of a board member or the reviewing board. “Whenever any party in interest presents a certified copy of an order or decision of a board member or of the reviewing board ... to the superior court department . . . the court shall enforce the order or decision” even though the matters have been appealed. G.L.c. 152, §12(1). “The ordinary meaning of ’enforce’ is ‘to compel obedience to,’ ‘to cause to be executed.’ ” Sisters of Holy Cross, supra at 491. In that case, which involves an analogous problem, the Supreme Judicial Court held that a statute empowering the Superior Court to enforce zoning laws did not confer jurisdiction on the court to grant declaratory relief. Id. at 491.
It is clear from the scheme of G.L.c. 152, that the legislature has created an apparatus for judicial review of decisions by members of the industrial accident board, see G.L.c. 23E, §4, and by the reviewing board, see G.L.c. 23E, §5, that assigns to the Appeals Court the power of judicial review pursuant to G.L.c. 30A, §14 which, in other contexts, is assigned to the Superior Court. This legislative apparatus assigns to the Superior Court a limited role in enforcing orders and decisions by the said members of the industrial accident board or the reviewing board, but does not *303 give the Superior Court concurrent jurisdiction with the Appeals Court.[1] Apart from the scheme of G.L.c. 152, the state’s Administrative Procedure Act provides that the Superior Court does not have jurisdiction to review the actions of administrative agencies when (1) “any provision of law expressly precludes judicial review,” or (2) a different “statutory form of judicial review or appeal is provided.” G.L.c. 30A, §1. Thus, a consideration of both the statutory scheme established by the legislature in G.L.c. 152 and the terms of G.L.c. 30A, §14, suggests that the Superior Court is without jurisdiction to grant declaratory relief in this case. Accord, K. Kozoil, Massachusetts Workers’ Compensation Reform Act §7.21 at 172 (29 Mass. Prac. 2000 ed). (although it may be an open question whether the Superior Court is permitted to look behind orders and decisions presented for enforcement to consider allegations of factual inadequacy or legal error, “there is no doubt that the legislature intended the Superior Court merely to serve as the enforcement arm of the department”).[2] See also Knowlton v. Swampscott, 280 Mass. 69, 71 1932) (Rugg, C.J.) (“It is a general principle that, where a statute covers the whole subject to which it relates, including means for redress for wrongs arising in connection with it, other provisions of law are superseded”).[3]
There is no basis for reaching a different result based on a consideration of other statutes which confer jurisdiction on the Superior Court. For example, G.L.c. 212, §4 provides that the Superior Court “shall have original jurisdiction of all civil actions except those of which other courts have exclusive jurisdiction.” Here again, under G.L.c. 152, §12(2), the Appeals Court has exclusive jurisdiction (subject only to further review by the Supreme Judicial Court) in cases such as this, and thus §4 should not be read to confer jurisdiction on the Superior Court.[4]
2. The Request for Equitable Relief. In terms of the request for equitable relief, it is true that this court has original jurisdiction “of all cases and matters of equity cognizable under the general principles of equity jurisprudence.” G.L.c. 214, §1. However, a fundamental prerequisite for the exercise of equity jurisdiction is that a party demonstrate that there is no adequate remedy at law. See Knowlton v. Swampscott, 280 Mass. 69, 72 (1932) (“A party cannot come into equity to secure relief open to him at law”). In the present case, the plaintiff has informed the court that a hearing in the matter is scheduled for next week. If the plaintiff is unsuccessful, there is a right to appeal to reviewing board and then to the Appeals Court under G.L.c. 152, §12(2). The plaintiff argues that if it is unsuccessful before the reviewing board, it will be required to make prompt payment to the employee or face large penalties and the payment of interest. See G.L.c. 152, §§8(1) & 50. It goes on to argue that in such a case, the Workers’ Compensation Act does not provide for an effective remedy if the decision of the reviewing board is reversed because there is no mechanism to enable it to recoup excess payments to the employee. The Attorney General, on behalf of the Department argues, however, that there is a provision in the Workers' Compensation Act that permits an employer to recoup money in the form of double compensation erroneously paid to an employee under an order for payment pursuant to G.L.c. 152, §28 that is subsequently reversed. According to the Attorney General, recoupment is available under G.L.c. 152, §11D(3).[5] Thus, the Attorney General maintains that Aerovóx’s interests can be vindicated by a final judgment, and there has been no showing of irreparable harm warranting injunctive relief. See Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 617 (1980).
It is not necessary to decide whether the recoupment provisions contained in G.L.c. 152, §11D(3) would apply in the case hypothesized by the plaintiff. A more fundamental reason for declining to grant equitable relief in this case is that it is not ripe for review because the plaintiff has not exhausted its administrative remedies. “Courts must be careful not to invade the province of an administrative board . . . [I]n the absence of a statutory directive to the contrary, the administrative remedies should be exhausted before resort to the courts.” See Gill v. Board of Registration of Psychologists, 399 Mass. 724, 726 (1987). See Gordon v. Hardware Mutual Casualty Co., 361 Mass. 582, 587 (1972). Plaintiff is seeking relief from this Court not only before a member of the board has made a decision, but before there has been a meaningful hearing and without an opportunity given to the reviewing board to correct any error that may be made by a board member. Plaintiff claims that exhaustion is not required in his case because of the inadequacy of .these remedies. Plaintiff is particularly concerned that should the Department rule in favor of defendant Arsenio at the hearing, this will require immediate payment of a large sum of money which will render any subsequent review pursued by the plaintiff futile due to the lack of recoupment procedures.
While acknowledging that the double compensation sum may be a large one, this Court disagrees that requiring the plaintiff to follow the statutorily prescribed path of judicial review will render the plaintiff without an adequate remedy. The review process is a thorough one, allowing the plaintiff review within the Department by its reviewing board, and then judicial review in the Appeals Court and possibly before the Supreme Judicial Court. The orderly process of administering the Workers’ Compensation Act would be adversely affected if this court intervened and granted injunctive relief at such an early stage of the administrative process regardless of the merits of the plaintiff s case.
*304 ORDER
For the above reasons, the defendant Department’s and Arsenio’s motions to dismiss are ALLOWED.

 The purpose of an enforcement proceeding before the Superior Court is “to give the employee the benefit of a power which the board cannot offer . . . the power to compel performance of its orders. The judge ha[s] no discretion to refuse so to order.” See Biagini's case, 22 Mass.App.Ct. 103,104 (1986).

 The author cites Robert R. Speed's Case, 23 Mass.App.Ct. 981 (1987) (rescript), and Biagini’s Case, 22 Mass.App.Ct. 103 (1986), to buttress her view that the role of the Superior Court is very limited under G.L.c. 152.

 This is not a case in which relief in the nature of declaratory judgment is properly sought to challenge the constitutionality of the procedures used by the Division of Industrial Accidents. See Nelson v. Commissioner of Correction, 390 Mass. 379, 388 n. 12 (1983).

 The absence of subject matter jurisdiction makes it unnecessary to consider the defendant’s claim that there are exceptions to the rule that a party must exhaust administrative remedies before seeking a declaratory judgment. See generally Villages Dev. Co. v. Secretary of the executive Office of Envtl. Affairs, 410 Mass. 100, 106 (1991). Suffice it to say, that the none of the extraordinary circumstances which make exhaustion unnecessary are present in this case. See, e.g., Norfolk Electric, Inc. v. Fall River Housing Authority, 417 Mass. 207, 210 (1994) (“In cases where resort to an administrative agency obviously would be futile, and there is no fact-finding for the agency to perform, a court may exercise jurisdiction despite a plaintiffs failure to exhaust administrative remedies”).

 The plaintiff argues that a double compensation payment to the defendant Arsenio, should it be required by the Department, would not constitute “compensation pursuant to a conference order” for which recoupment procedures are provided in the form of a “unilateral reduction of weekly benefits.” See G.L.c. 152, §11D(3). However, even if this is correct, the Attorney General contends that another portion of Section 11D(3) provides an alternative: “Where overpayments have been made that cannot be recovered in this manner, recoupment may be ordered pursuant to the filing of a complaint pursuant to section ten or by bringing an action against the employee in superior court.”