Connolly, Thomas E., J.
This action arises from an order by the Department of Industrial Accidents (DIA) that the employer, O’Connor Corporation, or insurer, HVAC Compensation Corporation,[2] make a single payment of $268,245.00 to the employee, Dale Torres (Torres), plus attorney’s fees and costs. Torres had filed a claim for Section 28 benefits,[3] and hearings were held at the DIA on January 25, 2010 and May 17, 2010, with the hearing record closed on June 1, 2010.
On August 31, 2010, Administrative Judge John G. Preston issued a decision that Torres was entitled to *460 a Section 28 payment, which provides double compensation to an employee who “is injured by reason of the serious and wilful misconduct of an employer or of any person regularly intrusted with and exercising the powers of superintendence.” The Defendants appealed the Administrative Judge’s order to the reviewing board of the DIA, pursuant to G.L.c. 152, §11C, which appeal is still pending and thereinafter may be appealed directly to the Appeals Court.[4] Torres, while the appeal before the reviewing board of the DIA is ongoing, brought this motion, pursuant to Chapter 152, §12(1), to enforce the order to pay the awarded payment of $268,245.00.[5]
While G.L.c. 152, §12 appears at first blush to apply to any order or award by the DIA, a review of the cases and the language of Section 12 itself appears to indicate otherwise.
In Biagini’s Case, 22 Mass.App.Ct. 103, 104(1986), the Appeals Court stated:
Section 11 ofc. 152 [now Section 12 in revised form] mandates that [any order or decision of a board member or of the reviewing board is] to be enforced by the Superior Court. The purpose of an enforcement proceeding is “to give the employee the benefit of a power which the board cannot offer” the “power to compel performance of its orders or those of its members . ..” The judge had no discretion to refuse so to order . . . [T]he “sole purpose [of a court order of enforcement] is to maintain a status in favor of the employee, pending the final resolution of the proceedings before the board.”
Based on the language in Biagini’s Case, this Court finds that Section 12 relates solely to orders regarding periodic payments and not lump sum payments under Section 28, which Torres is attempting to collect here. Specifically, the Court held that “the sole purpose [of a court order of enforcement] is to maintain a status in favor of the employee.” The words “to maintain a status in favor of the employee” imply that the employer/insurer may not halt an employee’s periodic payments just because the employer/insurer has taken an appeal. In other words, an enforcement order would assure the continuing periodic payments from which an employee would pay his living expenses.
Torres is essentially asking for the total sum, $268,245.00, so as “to maintain a status in [his] favor.” This Court finds, however, that the Legislature could not have intended that “maintain[ing] a status,” meant payment of a lump sum of this magnitude to the employee before the case is decided on appeal either to the reviewing board or the Appeals Court. An employer/insurer should not be obligated to pay the total amount of the Section 28 benefits due “to maintain a status in favor of the employee” prior to the employer/insurer exercising their appellate rights on the Section 28 claim. Further, the second sentence in Ch. 152, §12(1) states:
In the event that the order or decision is reversed on appeal, the enforcement order shall be deemed vacated and unenforceable from the date of such reversal.
This sentence clearly is referring to periodic payments and not a lump sum one-time Section 28 payment, as is present in this case.
This Court has found no case in which Ch. 152, § 12 is interpreted as Torres is urging. In the event that an employer prevailed on appeal, the employee would be required to pay back the employer/insurer the $268,245.00 or what, if anything, was left remaining.[6] The action requested in the present case, that is, payment of the entire $268,245.00, is substantially different from the continuance of periodic payments. In a situation involving periodic payments, the employer/insurer gets the relief of not having to make any further payments after the date of reversal of a DIA order. However, in the present case where it is being argued that all the Section 28 monies must be paid before or during appeal, the only relief that an employer/insurer would get, in the event of a reversal of the order, is to chase down what, if anything, is remaining of its $268,245.00 payment.
This Court recognizes that the DIA order appears clear on its face and that the Superior Court’s function is to enforce the orders of the DIA. However, this Court believes that the statute was only meant to apply to periodic payments and not to the present situation. This Court does not believe that the Legislature intended when it enacted this statute that the employer/insurer would be required to make a lump sum payment under Section 28 before the parties had the right to exercise their appellate rights. The case law as cited above and the wording of Section 12 itself indicate otherwise.
ORDER
For the foregoing reasons, it is hereby ORDERED that Dale Torres’ Motion to Enforce Order of the Department of Industrial Accidents is DENIED, without prejudice, to be brought, if necessary, after all appellate rights have been exhausted.

 HVAC Compensation Corporation argues that because its name does not appear in the DIA’s order, there is no order against it for this Court to enforce. In a Ch. 152, §28 proceeding, however, if an order is entered for double compensation, the insurer makes the payment and then gets reimbursed by the employer. See G.L.c. 152, §28 (“In case the employer is insured, he shall repay to the insurer the extra compensation paid to the employee”): Burke v. Atlantic Research Corp., 358 Mass. 764, 766 (1971) (“Although the insurer is defending the employer pursuant to its insurance agreement, under §28 the employer would have to reimburse the insurer for any extra compensation the insurer is obligated to pay the employee”).

 Torres’ Section 28 claim was specifically excluded from the “Agreement for Redeeming Liability by Lump Sum Settlement.”

 See G.L.c. 152, §12(2) (“Any appeal from a decision by a reviewing board shall be taken pursuant to section fourteen *461 of chapter thirty A, except that such appeal shall be filed with the appeals court. . .”).

 “Whenever any party in interest presents a certified copy of an order or decision of a board member or of the reviewing board and any papers in connection therewith to the superior court department of the trial court for the county in which the injury occurred or for the county of Suffolk, the court shall enforce the order or decision, notwithstanding whether the matters at issue have been appealed and a decision on the merits of the appeal is pending.”

 See Aerovox, Inc. v. Arsenio, Civil Action No. 2000-458 (Bristol Super.Ct. Sept. 25, 2000) (Agnes, J.) [12Mass. L. Rptr. 302] (setting forth issues with recoupment of immediate payment of large sum of money pursuant to ch. 152, §12 if decision is reversed on appeal).